CASE 34—PETITION EQUITY—JANUARY 17.

3b 109
100 356

# Bellomy's adm'r vs. Bellomy, &c.

### APPEAL FROM TODD CIRCUIT COURT.

An administrator *de bonis non* is entitled to the possession of the unadministered assets of his intestate; but, appealing to equity against the heirs and administrator of the firs* administrator of his intestate, and also against the heirs of his intestate, for possession of uncollected notes belonging to the estate of his intestate—it appearing that more than five years had elapsed since his intestate's death, and that the notes were not necessary to pay his debts—to avoid circuity and delay, and save the distributees from unnecessary commissions, the circuit court did not err by dismissing his petition and decreeing a distribution of the estate without permitting it to pass through the hands of the administrator *de bonis non*.

S. W. KENNEDY,                                    For Appellant,
CITED—
1 *B. Monroe*, 62; *Jones vs. Everman.*
15 *B. Monroe*, 633; *Maraman vs. Turnell.*
3 *Metcalfe*, 146.

H. G. PETREE,                                    For Appellees,
CITED—
7 *J. J. M.*, 147; *Fitts vs. Brown's adm'r.*
3 *Mon.*, 358; *Graves vs. Downey.*
5 *Mon.*, 20; *Slaughter vs. Froman.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

Penick, as administrator of Bellomy, having, by a proper proceeding, procured the sale of land to pay a debt due to his intestate as vendor of the land on which he held a lien, the notes of Glass, as purchaser at that

sale, like the notes for paying which the land was sold at the administrator's instance, were personal assets in his hands as administrator; and Glass's notes, never having been collected or otherwise disposed of, were *unadministered assets*, which the appellant, as administrator *de bonis non* after Penick's death, had a right to administer, if necessary for paying debts. But, appealing, as he did, to a court of equity against Penick's personal representatives and Bellomy's distributees, to give him the possession of the notes, he should not complain of the dismission of his petition unless it was, under all the circumstances, inequitable.

Having no beneficial interest in the notes, his only right to the surrender of them to himself was to enable him, as a fiduciary, to pay the intestate's debts and make distribution among those entitled to it. But he has not shown that any debts remain unpaid; and, therefore, the lapse of more than five years from the intestate's death to the date of the decree, authorized the presumption that these notes are not necessary for payment of debts; and this presumption is fortified by the fact that Penick's representatives had surrendered to the appellant a large number of other notes, and other unadministered assets, yet unaccounted for. To avoid circuity and delay, and save the distributees from unnecessary commissions to the appellant, they insisted on a decree for distribution in this case, and at once. Considering this equitable, the circuit court directed Penick's executors to collect the notes on Glass and make distribution of the fund among Bellomy's distributees, after paying any unpaid debts of their intestate, if any such should, in the meantime, be discovered. This seems to assure to the appellant all proper exoneration from contingent liability, and does not appear to subject him to any un-

just privation or risk. And it does appear to be just to thè distributees, and proper for saving them from unnecessary delay and possible spoliation.

Under these circumstances, it seems to this court that there was no essential or available error in withholding the chancellor's invoked aid to compel the surrender of Glass's notes to the appellant.

Wherefore, the judgment appealed from is affirmed.