CASE 10—PETITION ORDINARY—APRIL 20.

# Cook vs. Burton's adm'r.

### APPEAL FROM MERCER CIRCUIT COURT.

1. A widow, having funds of her deceased husband in her possession, is bound to surrender them to his administrator. If she converts or refuses to surrender them, or commits spoliation, or smuggles his estate after his death, she is liable, and, in an action by the administrator against her, she cannot claim exoneration on account of her distributive interest.

2. An administrator has the legal right to take into his possession all the assets of the intestate, and a distributee has no right to convert any portion of them without his consent, or to withhold from his administration.

3. A party introducing testimony by his own witness, in answer to his own interrogatory without objection, cannot, afterwards, object to its illegality.

4. Declarations of husband or wife, either in the presence or absence of the other, are held to be competent evidence for the other party, in a controversy between the husband's administrator and his widow, in reference to funds of the husband claimed to be in possession of his wife at his death.

J. B. & P. B. Thompson,
Phil. B. Thompson,
W. A. Hooe, and
Nat. Gaither,                                    For Appellant,

CITED—

6 *Rich.*, 521; *Powell vs. Keefe.*

*Revised Statutes*, "*Executors and Administrators*," secs. 17, 18.

1 *Mon.*, 40; *Bell vs. Layman.*

18 *Penn.* (6 *Harris*); *Gamber vs. Gamber.*

3 *Dana,* 79 ; *Luckett vs. May.*
3 *Dana,* 299 ; *Miller vs. Shackleford.*
7 *Rich. (S. C.),* 14 ; *Vandevier vs. Glaspy.*
19 *Vt.* (4 *Webb*), 444 ; *Abbott vs. Clarke.*
*Civil Code, secs.* 614, 615, 670.
2 *Dana,* 238 ; *Estill vs. Fort.*
2 *J. J. M.,* 393 ; 7 *Mon.,* 213 ; 4 *J. J. M.,* 26.
1 *Bush,* 348 ; *Riley's ex'r vs. Sharp.*

C. A. HARDIN,
JOHN G. KYLE, and
CRADDOCK & TRABUE,                    For Appellees,
CITED—
*Civil Code, secs.* 670, 161.
20 *Ohio R.,* 185 ; 6 *Ohio R.,* 35.
2 *B. Mon.,* 339 ; *Marrian vs. Yeager.*
17 *B. Mon.,* 156–7 ; *McClain vs. Esham.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In the spring of the year 1864 the appellant, Henrietta Cook, a young widow, residing in her own house, in Harrodsburg, Kentucky, intermarried with John Burton of the same place, seventy years old and rich, and who lived with her in her own house until their separation, not long supervening. As might have been expected in a case of such disparity in age and in fortune, their cohabitancy was short, discordant, and turbulent; and after an unhappy continuance of about three months, the wrangling expelled him from her house, and she resumed her ante-nuptial name of Cook.

Not long after the separation he died, complaining that she had refused to restore to him two thousand seven hundred and fifty dollars in gold, which he had deposited with her to keep safely.

The appellee, as his administrator, demanded the gold, and she denied that she had it, or had ever converted it or otherwise disposed of it.

This action was, thereupon, brought by the administrator to recover it, or its value. The amended petition charged a conversion or detention of it after the intestate's death; and, in an evasive and elaborate answer, she denied the charge. The jury sworn to try that issue returned a verdict against her for three thousand and ninety-four dollars, and the court rendered judgment for the amount assessed.

As rather conceded by the appellant's counsel, the evidence, though conflicting and not strongly preponderating against her, is yet of such a character as to sustain the verdict without disturbance by the court.

She seeks a reversal for three other classes of imputed error—

1. The admission of illegal testimony, and also surprise.

2. Error in instructions.

3. Non-liability to the judgment, even if she converted the gold after her husband's death.

But we cannot reverse the judgment on either of those grounds.

1. The evidence objected to consisted of recitals of conversations between the appellant and the witnesses; some while she and the intestate lived together; some between the separation and his death, and some after his death; and also of declarations made by him in her absence. His declarations would have been clearly inadmissible had not her own witness, responding to her own interrogatory, given evidence of them without objection; but having thus introduced that testimony herself, she cannot now object to its illegality. Her counsel

Cook vs. Burton's adm'r.

argue that her own declarations, concerning facts occur-
ring during the subsistence of the marriage, were in-
terdicted by the policy of the law encouraging proper
confidence between husband and wife, and guarding
their domestic tranquility from disturbance by permit-
ting either of them to testify against the other; but this
wise and conservative policy is not frustrated by allow-
ing strangers to prove declarations by husband or wife,
either in the presence or absence of the other; and, in
the legal sense, there was on the trial no surprise.
Negligence is not surprise.

2. The first instruction given to the jury covers the
whole case as presented by the evidence. It is substan-
tially, that, if they believe that the appellant had the
gold in her possession, or under her control, at her hus-
band's death, and not as a donee, but depository, and
on demand withheld it from his administrator, she was
liable in this action for the amount of it. This was
unexceptionable, if, as we shall adjudge on the next
point, a widow be liable to her deceased husband's
estate for spoliation or smuggling after his death, and,
in an action for the wrong, cannot claim exoneration
on account of her distributive interest. According to
any allowable deduction from the pleadings and testi-
mony, this instruction being right, there was no error
in refusing to give inconsistent instructions offered by
the appellant.

3. The administrator had the legal right to take into
his custody, for curation and administration, all the
assets of the intestate; and no distributee had any right
to convert any portion of them without his consent, or
to withhold it from his administration. The appellant's
ultimate claim to a distributive portion is contingent as
to amount, and cannot be anticipated in this action; but

must be adjusted, either by the consent of all parties con-
cerned, or by a decretal order for distribution as between
all entitled as distributees.

Having thus briefly, but, as we think, sufficiently con-
sidered all the material questions involved in this appeal,
and found no available error to the appellant's prejudice,
we affirm the judgment against her, with costs.