·JAMES W. WILLIAMS' ADM'R *v.* JAMES B. CAMBEST, ET AL.

**Title to Personal Property of an Intestate.**

> Upon the appointment and qualification of an administrator of an intestate the title to all the goods, chattels, and credits of the intestate vests in such administrator. Certain articles of such property are exempt from sale, and may be set apart by the appraisers to the widow or infant children; but until this is done the exempted property is not identified, and the title to all of it remains in such administrator.

APPEAL FROM DAVIESS CIRCUIT COURT.

March 20, 1880.

OPINION BY JUDGE COFER:

Upon the qualification of a personal representative of an intestate the title to all the goods, chattels and credits of the intestate vests in his personal representative. The statute provides that certain articles of property shall be exempt from distribution and sale, and shall be set apart to the widow or infant children of the intestate by the appraisers. Until this is done the exempted property is not identified, and the title to the whole remains in the personal representative.

The plaintiffs alleged that an inventory was made by the administrator amounting to $431, and that the entire personal estate, as far as they had knowledge of it, was set apart to them as exempt from distribution. By whom was it set apart? The petition does not show, and the allegation that it was set apart was no more than a mere conclusion of law.

As we have seen, the title to all the decedent's personal estate vested in the administrator, and it was necessary that the plaintiffs should show that it had subsequently vested in them, and in order to do this they should have alleged that it was set apart by appraisers duly appointed, for they could not otherwise be invested with title, and without title they are not entitled to recover. The plaintiffs will not in any event be entitled to interest except from the time of the conversion of the property.

Judgment *reversed* and cause remanded for further proper proceedings.

*Williams & Powers, for appellant. Sweeney & Son, for appellees.*