Suit, etc., v. Crawford.

further proceedings be had in conformity with this opinion.

---

CASE 51—PETITION ORDINARY—JAN. 8.

# Suit, etc. v. Crawford.

APPEAL FROM ROBERTSON CIRCUIT COURT.

1. ADMINISTERED ASSETS—RIGHT OF HEIRS TO MAINTAIN SUIT ON.—
An uncollected note belonging to the estate of a decedent, which was turned over to the heirs upon the final settlement of the administrator's accounts and his discharge, became an administered asset upon which the heirs may maintain an action in their own names, without the appointment of an administrator *de bonis non*, the debts of the estate all having been paid or barred.

W. J. OSBORNE FOR APPELLANTS.

1. There being no legatees or distributees, and all debts, if any, being barred by length of time, and the administrator having turned over the note to the heirs, the estate could have no interest in the note, and the heirs could maintain the suit. (Bellamy's Adm'r. v. Bellamy, 3 Bush, 110.)
2. The court should have permitted the amended petition to be filed "in furtherance of justice." (Civil Code, sec. 134; Greer v. City of Covington, 83 Ky., 410; Rogers v. Rogers, 15 B. M., 364.)

HANSON KENNEDY FOR APPELLEE.

1. Heirs and distributees can not in their own names, in law or equity, prosecute suits to recover the unadministered assets of an estate, or to collect debts due the estate. Such suits can only be maintained by the personal representative. (Munsell v. Bartlett, 6 J. J. M., 23; McChord v. Fisher's Heirs, 13 B. M., 195.)
2. The petition does not show that Leonard Pyles was the owner of the note at the time of his death. The note was payable to J. & L. Pyles, and the allegation is that upon a settlement of the partnership "the note filed herewith came into the hands of Leonard Pyles as his own," which is purely a conclusion of law.

3. The court properly refused to permit the amended petition to be filed, because it sought to substitute an entirely new and different party as plaintiff, which would have required a summons on the amendment.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT:

This action was brought by the widow and children of Leonard Pyles on a promissory note which it is claimed was an asset of the estate of the decedent.

Leonard Pyles died in 1876 intestate. An administrator of the estate was duly appointed. It is alleged he settled his accounts as such with the county court and was discharged as administrator and from all liability on the note in suit, and that he thereupon turned the note over to the plaintiffs. The court sustained a demurrer to and dismissed the petition upon the ground that the action could only be maintained by the personal representative.

We recognize the rule to be that heirs and devisees can not in their own names prosecute suits to recover the unadministered estate of the decedent, but that such actions can only be maintained by the personal representative, except in cases where the personal representative refuses to administer upon the estate sued for or to prosecute suits for its recovery, or in a case like Bellamy's adm'r v. Bellamy, 3 Bush, 109.

The intestate died nineteen years before this action was brought. His personal representative had settled his accounts as such and been discharged. The presumption is that all the debts of the decedent have been paid. At any rate none could have existed when the suit was brought, as the lapse of time had barred

a recovery on any unsatisfied claim that may have existed.    It follows that no one had any interest in the note except the heirs at law.   The personal represen-tative had relinquished any right he had in it by set-. tling his accounts as administrator and turning the note over to the plaintiff.

We are of the opinion that it is an administered as-set.   The proceeds of the note are not liable to pay the debts of the intestate, neither has the personal repre-sentative any interest therein for reimbursement or protection, as he surrendered the note to its real own-ers.

Under such circumstances it seems to us to be unrea-sonable to require that an administrator *de bonis non* be appointed, and allow him alone to maintain the action, as it would put the heirs to considerable ex-pense.   Besides, as this is an administered asset, an administrator *de bonis non* would have no control over it.

We are of the opinion that when the administrator settled his accounts and turned the note over to the plaintiffs, they were vested with the right to collect the note and maintain an action on it.

The judgment is reversed, with  directions that further proceedings conform to this opinion.