## Trent v. Griffy, Administrator.

(Decided December 2, 1921.)

### Appeal from Anderson Circuit Court.

1. Descent and Distribution—When Administration May be Dispensed With.—Where one dies testate and nominates an executor or dies intestate and shortly thereafter there is appointed an administrator, the title to the personal property of the decedent passes to the personal representative for the purposes of administration and the heirs or devisees take no title thereto until the settlement of the estate; but where an intestate has only visible and tangible assets in the form of personal property, the heirs

and distributees all being adults and capable of contracting, may, by agreement, dispense with the necessity for administration by agreeing to a division in kind of the decedent's personal property there being no debts against the estate, no debts owing to the estate and no claims of the estate for collection, and the heirs and distributees take title from such settlement and agreement.

2. Executors and Administrators—Descent and Distribution.—A surviving husband to whom, by agreement with the heirs at law of the decedent, is set apart certain specific property as his share of the surplus estate of the decedent, acquires title thereto which will take precedence over the title of a subsequently qualified administrator unless the rights of creditors are involved.

LILLARD CARTER for appellant.

EDWARDS, OGDEN & PEAK and J. W. GAINES for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

On March 10, 1917, Anna A. Witherspoon died intestate, a resident of Anderson county. Her husband, L. J. Witherspoon, survived her, and her three daughters, Onie Moore, Sadie Ripy and Henrietta Griffy, were her only heirs at law.

Thereafter in December, 1918, the husband died, and in March, 1919, Sadie Ripy died, and thereafter, in April, 1919, appellee Griffy qualified as administrator of Anna A. Witherspoon, and in May, 1919, instituted this action at law against appellant for the possession of a certificate for ten shares of stock in the Anderson National Bank alleged to have been the property of Anna A. Witherspoon and in the possession of the defendant, and also prayed for judgment against the defendant for one hundred and fifty dollars in dividends which she is alleged to have collected thereon.

The defendant filed an answer which she made a counterclaim against the plaintiff and a cross-petition against the Anderson National Bank and against the other heirs at law of Anna A. Witherspoon, and against the executor and devisees of Sadie Ripy, deceased. To that pleading as amended the trial court sustained a demurrer and the correctness of that ruling is the only question presented. The answer as amended alleges that at the time of her death Anna A. Witherspoon was the owner and in possession of the bank stock described in the petition which was then of the value of twenty-five hundred dollars; that at the time of her death the decedent owned no real estate, owed no debts whatever and that no person what-

ever was indebted to her in any sum; that she held no notes or accounts or choses in action of any kind or character or any stocks or bonds except the bank stock referred to, but that she was the owner of much household and kitchen furniture, silverware, jewelry and other personal belongings of greater value that twenty-six hundred dollars.

She alleges that under the laws of this state L. J. Witherspoon, surviving husband of decedent, was entitled to one-half of the surplus personal property owned by her at the time of her death and that immediately after her death he elected to take and did take possession of the said bank stock sued for as and for his own as such surviving husband and the same was then of value less than one-half of the surplus personalty of the decedent. That at the time said L. J. Witherspoon took over said bank stock as alleged his said action was known to and acquiesced in by the only three heirs at law, and the said L. J. Witherspoon by agreement with and acquiescence of said three heirs at that time dispensed thereby with administration on the estate of said Anna A. Witherspoon and the said three heirs at law at said time, with the consent of said L. J. Witherspoon, divided up between them the remainder of the personal estate of said Anna A. Witherspoon and each of said three heirs at law then or thereafter took possession of and carried away her said part of her mother's estate and that the part so taken by them was at least one-half in value of the surplus estate of said Anna A. Witherspoon.

She states that after the division and agreement as aforesaid L. J. Witherspoon, the defendant's grandfather, took the certificate of bank stock to the Anderson National Bank and at his request the bank cancelled the original certificate held by Anna A. Witherspoon for ten shares and issued in lieu thereof a certificate for ten shares of the capital stock of said institution to the defendant in the name of Cordelia L. Walker, she at that time being a single woman and that being her maiden name, and that thereafter the said L. J. Witherspoon transferred, gave, assigned and delivered possession of the certificate to this defendant as a free gift for her own use and control; that she is the granddaughter of said L. J. Witherspoon and the daughter of Sadie W. Ripy by her first husband, Harold Waller, and that she was when an infant two years of age taken into the home of her grandfather, L.

J. Witherspoon, and there by him reared as his own child until her marriage, which occurred after the gift of the bank stock as aforesaid. She alleges she accepted the said gift from her grandfather and took possession of the certificate and now holds and claims the same.

. Unmistakably, where one dies testate and nominates an executor, or even when one dies intestate and shortly thereafter there is appointed an administrator, the title to the personal property of the decedent passes to the personal representative for the purposes of administration, and the devisees or heirs at law take no title to the personal property until the settlement of the estate; but we do not understand that where the intestate had only visible and tangible assets in the form of personal property, the heirs at law and distributees, all being adults and capable of contracting, may not by agreement dispense with the necessity for administration by agreeing to a division in kind of the decedent's personal property, there being no debts against the estate, no debts owing to the estate and no claims of the estate for collection.

Under the allegations of this answer as amended, as we interpret them, Mrs. Witherspoon died with an estate of approximately five thousand dollars in tangible personal assets and owed no debts and had no other estate, and shortly after her death her surviving husband, who under the statute was entitled to one-half of her surplus personal estate, and her three heirs at law, who were entitled to the other one-half, by agreement divided out in kind among themselves these personal assets, the husband taking the ten shares of bank stock, estimated by them to be one-half in value of the surplus personalty, and the three heirs at law dividing out among themselves the remainder of the personal property.

Administration does not appear to have been thought by any one to be necessary until after the death of the husband and after the death of one of the heirs at law who was the mother of this appellant.

While the law does contemplate that devisees and heirs and other distributees take their rights in the property of decedents subject to the payment of debts and the cost of administration, and does for the purposes of administration place the title for the time being in the personal representative, there is nothing in its provisions which requires or makes compulsory an administration . when the necessity for it does not exist.

It is the view of appellee, and evidently was of the court below, that an heir or distributee cannot take directly from the intestate, but that there must be an intervening right or title passing to him through the personal representative; and in support of that view, among others, he relies upon the case of Cook v. Burton's Administrator, 5 Bush 64. That was an action by the administrator against the widow of the decedent for twenty-seven hundred and fifty dollars in gold alleged to have been held by her which belonged to the estate, and it was contended by her attorneys that the judgment against her for that amount was improper because she would have more than that amount coming to her as her distributable part of his estate, and in answer to that argument the court said:

"The administrator had the legal right to take into his custody for curation and administration, all the assets of the intestate; and no distributee had any right to convert any portion of them without his consent, or to withhold it from his administration. The appellee's ultimate claim to a distributive portion is contingent as to amount, and cannot be anticipated in this action; but must be adjusted, either by the consent of all parties concerned, or by a decretal order for distribution as between all entitled as distributees."

Rather than being an authority for appellee that opinion is a distinct recognition of the rights of heirs and distributees to adjust among themselves their rights in the decedent's property, for it distinctly decides that the widow's distributive share is necessarily contingent and must be adjusted "either by the consent of all parties concerned" or by judgment of court.

It is true, ordinarily, that the title to the personal property of an intestate does not directly pass to or vest in the heir at law but in his personal representative; but that rule presupposes that a personal representative has been appointed or that the necessity therefor exists. The husband and heirs, there being under the allegations no necessity for the appointment of an administrator, took title under their agreement.

The case of Bennett v. Bennett's Administrator, 134 Ky. 444, was where the administrator of a deceased wife sued the surviving husband on a note and the husband defended upon the ground that the decedent was not indebted in any sum at the time of the appointment of the administrator and that there was no necessity for the

appointment, and further upon the ground that the decedent's brothers and sisters without right, after the death of the decedent, took possession of and divided among themselves a large amount of her personal property which belonged to him as the surviving husband and asked to be permitted to set off their value against the note.

Both of these defenses were denied him because the court found that there were debts against the estate and there was necessity for administration. The case of Barrett v. Barrett's Administrator, 170 Ky. 93, relied upon by appellee, has no application for the reason that it is pointed out in the opinion that the decedent had heirs at law among whom a distribution was necessary and among whom there had been no distribution.

Under the allegations of the answer as amended the husband and the heirs at law took title to their several interests under the agreement and it thereby became unnecessary that they should await the taking of title through a personal representative.

It is the policy of the law not only to discourage litigation but to dispense with by agreement all court proceedings and costs; and to say that heirs and distributees may not, when it is feasible, agree among themselves about the distribution of the personal property of a decedent and thereby dispense with the necessity for court proceedings and costs would be distinctly contrary to this universally recognized policy of the law.

The appointment of the administrator was proper so that action might be instituted to recover the property of the decedent, or the property thought to belong to the estate of the decedent, but the allegations of the answer, if true, present a good affirmative defense to the action and the husband under the settlement and agreement alleged to have been entered into immediately after her death acquired title to the ten shares of bank stock as completely as if there had been administration, and he, having the title, might make a valid gift thereof to appellant, and her title thereby acquired would take precedence over any title of a subsequently qualified administrator unless the rights of creditors were involved. 11 R. C. L. section 162, note to Kislowski v. Newman (Neb.); 3 L. R. A. (N. S.) 704; In re Acken, 1912A, Ann. Cases 1170.

The judgment is reversed with directions to overrule the demurrer and for further proceedings consistent herewith.