## Stockyards Bank of Louisville v. Hudson et al.

(Decided January 22, 1929.)

JOSEPH B. EVERHART and BATSON, CARY & WELCH for appellant.

LEE HAMILTON and WATKINS & CARDEN for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Eliza B. Hudson died intestate January 27, 1925, leaving an estate consisting entirely of personalty and a considerable amount of debts. She left surviving her three children. Elizabeth H. Bridwell, one of the daughters, qualified as her personal representative and entered upon the administration of the estate. On March 29, 1925, R. Lee Hudson, her son, died intestate before the administratrix had ascertained or paid the debts of the estate or costs of administration. His wife, Lulu C. Hudson, qualified as his administratrix. He left surviving him, besides his widow, five children, one of whom was an infant. Elizabeth Bridwell, as administratrix of her mother's estate, after the expiration of nine months, was ready to make distribution of the surplus. A part of the surplus was a certificate of 20 shares of stock of

the Stockyards Bank of Louisville, Ky. Mrs. Bridwell, as administratrix, presented this certificate to the bank, and demanded that it reissue three certificates of 6 2/3 shares each, one in the name of herself, individually, one in the name of her sister, Nannie B. Hudson, and one in the name of Lulu C. Hudson, administratrix of R. Lee Hudson, deceased. Mattie Lee Morris, a daughter of R. Lee Hudson, objected to this, and demanded that the certificate should be issued, not to her father's administratrix, but to each of his five children, because her father had died, as she alleged, prior to the vesting in him of any title to the stock. The question was, by appropriate pleading, submitted to the Jefferson circuit court. The court held that the bank should issue the stock to Lulu C. Hudson, as administratrix of R. Lee Hudson, and this appeal follows.

Section 1403, Kentucky Statutes, so far as material here, provides: "Where any person shall die intestate as to his personal estate, or any part thereof, the surplus, after payment of funeral expenses, charges of administration and debts, shall pass and be distributed among the same persons, and in the same proportions, to whom and in which real estate is directed to descend."

The rule, which is supported by the great weight of authority under similar statutes, is thus stated in 18 C. J. p. 878: "At common law, and under the statutes in most of the states, the title to personal property of a deceased person vests in the administrator, if there is one, and not in the heirs or distributees; and their rights therefore must generally be enforced through administration and distribution. The legal title to personal property is suspended between the time of the intestate's death and the granting of letters of administration; and when the letters are granted the title of the administrator relates back to the time of the intestate's death. However, persons entitled to personal property as heirs or distributees acquire a vested equitable right immediately on the death of the intestate, and on distribution their title relates back to the intestate's death, although in computing the value of the share of a particular distributee the value of the personal property at the time of distribution, rather than its value at the time of the death of the intestate, must be taken. It follows that the personal estate of an intestate goes ultimately to those who are his next of kin at the time of his death,

and not to those who are his next of kin at the time of distribution, and that, where a person entitled as distributee dies after the death of the intestate and before distribution, his share does not go to the other person or persons, entitled as distributees, nor does the legal title devolve directly on the heirs or distributees of the deceased distributee, but it vests in the personal representative of the deceased distributee for purposes of administration and distribution to the persons entitled thereto.''

To the same effect, see 11 R. C. L. p. 154, sec. 162. In Trent v. Griffy, 193 Ky. 124, 235 S. W. 22, the heirs of the intestate divided the personal property between them by agreement without the appointment of an administrator, there being no debts to be paid and no claims to be collected. One of the daughters having died, an administrator was appointed for the mother's estate, and an action was then brought against the husband of the deceased daughter to recover the share of the estate which he held. The court held that the action did not lie, and that the parties were bound by their agreement dividing the estate. The court said: ''While the law does contemplate that devisees and heirs and other distributees take their rights in the property of decedents subject to the payment of debts and the cost of administration, and does for the purposes of administration place the title for the time being in the personal representative, there is nothing in its provisions which requires or makes compulsory an administration when the necessity for it does not exist.''

Appellants rely on Cook v. Burton, 5 Bush, 67; Williams v. Cambest, 10 Ky. Op. 553; Boughner v. Sharp, 144 Ky. 320, 138 S. W. 375; Suit v. Crawford, 100 Ky. 355, 38 S. W. 500, 18 Ky. Law Rep. 784, and Harding v. Harding, 151 Ky. 398, 152 S. W. 259, but the question here presented was not presented in any of these cases. They all went off on other grounds. The circuit court properly held that the certificate for the stock should be delivered to the administratrix of the son.

Judgment affirmed.