CASE 112—CONTROVERSY ORIGINATING IN THE MCCRACKEN COUNTY COURT AS TO WHETHER G. B. UNDERWOOD SHALL BE APPOINTED ADMINISTRATOR OF THE ESTATE OF P. A. UNDERWOOD, DECEASED, AFTER SAID ESTATE HAD BEEN ORDERED INTO THE HANDS OF THE PUBLIC ADMINISTRATOR—NOV. 19.

# Underwood v. Underwood's Admr.

### APPEAL FROM M'CRACKEN CIRCUIT COURT.

JUDGMENT OF THE COUNTY COURT AFFIRMED BY THE CIRCUIT COURT, AND G. B. UNDERWOOD APPEALS—REVERSED.

EXECUTORS AND ADMINISTRATORS—VOID ORDER PLACING ESTATE IN HANDS OF PUBLIC ADMINISTRATOR.

Held: 1. Under Kentucky Statutes, section 3905, requiring the county court to confide to the public administrator the estate of a deceased person "if it shall appear, after the expiration of the three months from the death of the decedent, that no one will qualify as executor or apply for administration," the county court has no jurisdiction to place the estate of a deceased person in the hands of the public administrator until after the lapse of the three months from the death, and then only in the event no other person has applied for administration.

2. Where the county court on the next day after the death of an intestate made an order placing his estate in the hands of the public administrator, a kinsman of the decedent, even though he may not have been entitled to administration, had such an interest as entitled him to appeal from an order refusing to set aside the order placing the estate in the hands of the public administrator.

WHEELER & MORTON AND EDWARD W. HINES, ATTORNEYS FOR APPELLANT.

## POINTS AND CITATIONS.

1. The order of the county court confiding the estate of the intestate to appellee as public administrator the next day after the intestate's death, was unauthorized if not void, and the court should upon motion of appellant have set aside the order and granted letters of administration to him. Kentucky Statutes, secs. 3896, 3897, 3905.

2. The county court has power to revoke letters of administration granted to a person who was not entitled to administer. Renfro v. Trent, 1 J. J. M., 604; Hawkins v. Robinson, 3 Mon., 143.

3. It was proper to appeal from the order refusing to set aside the order confiding the estate to appellee and not from the order sought to be set aside. Civil Code Pr., sec. 763.

HENDRICK AND MILLER, FOR APPELLEE.

POINTS DISCUSSED AND AUTHORITIES CITED.

1. An order made at one term of county court can not be set aside at a subsequent term, or modified or reversed on another order or judgment made at a subsequent term. Kelley v. Keizer, 3d Mar., 268; Snodgrass v. Adams, 7th J. J. M., 165; Anderson v. Anderson, 18 B. M., 98; Hocker v. Gentry, 3d Met., 469; Willis v. Vallette, 4th Met., 196; Conn v. Doyle, 2d Bibb, 248; Boyd county, etc., v. Ross, 95th Ky., 167.

The court can not, except in cases especially provided for by statute, open, alter, change, or reverse, a decree judgment or order, after the term at which it was made or rendered, except upon a bill of review, or a bill of like nature. Brooks v. Love, 3d Dana, page 7; Holbert v. Montgomery, 5th Dana, 11; Emerson v. Herriford 8th Bush, 230.

"If courts of record could at different terms alter, modify or set aside orders or decrees made at former terms, there would be absolutely no stability in courts, or sacredness in judgments or orders." Haldeman v. Haldeman, 3d B. M., 533.

2. The statute provides no way of taking an appeal from the order of the county court overruling a motion to set aside an order made at a previous term.

3. Query: Under our present statute and code, is there a right of appeal from the county court to the circuit court in the case of the appointment of an administrator?

4. A creditor or other person not a distributee of the estate has no right of appeal from the action of a court which in its discretion declines to appoint him administrator. Section 3897, Kentucky Statutes.

5. In such case, neither statute nor code provides for an appeal from the county court or the circuit court to this court.

6. The county court has general and exclusive jurisdiction in matters of probate, and in such matters may exercise a sound discretion as to the appointment of administrators, and when it acts within the scope of its jurisdiction, its orders are not void.     Jacobs v. L. & N. R. R. Co., 20th Bush, 263; Masters v. Blenker, 87th Ky., 1; Hall v. L. & N. R. R. Co., 19th

Rep., 1529.    And if a county court, where there are no rel-
atives or distributees in the State eligible to the office of ad-
ministrator, confides the estate to the hands of the public ad-
ministrator, the order is not void, though three months may not
have elapsed from the time of the death of the intestate.    Secs.
3897, 3905, Kentucky Statutes.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—REVERSING.

The intestate died in McCracken county on February
8, 1901.    On the following day the county court of that
county made an order placing the decedent's estate in the
hands of the public administrator.    The appellant, a kins-
man of the decedent, though not a distributee, gave notice
that he would move the court at the March term following
to set aside the judgment placing the estate in the hands
of the public administrator.    The question here involved
is as to the right of the county court to confide the
estate of a deceased person to the public admin-
istrator until after the expiration of three months
from his death, no one in the meantime having applied
for letters of administration.    The sections of the stat-
ute relating to the subject are as follows:

"Sec. 3896.    The court having jurisdiction shall grant
administration to the relations of the deceased who ap-
ply for the same, preferring the surviving husband or
wife, and then such others are next entitled to distribution,
or one or more of them whom the court shall judge will
best manage the estate.

"Sec. 3897.    If no such person apply for administra-
tion at the second county court from the death of an in-
testate the court may grant administration to a creditor,
or to any other person, in the discretion of the court.    If
a will shall afterward be produced and proved, the admin-
istrator shall cease, and the court may proceed to grant

a certificate of the probate thereof, or, in the proper case, letters of administration, with the will annexed."

"Sec. 3905.    The several county courts of this Commonwealth, in which there is a public administrator and guardian, shall confide to him the administration of the estate of deceased persons in all cases in which, by law, the jurisdiction to grant letters testamentary or administration applies, if it shall appear, after the expiration of three months from the death of the decedent, that no one will qualify as executor or apply for administration. . . ."

No distributee of the estate applied to the county court to be appointed administrator of the estate. The second county court not having arrived, a creditor of the estate was not entitled to be appointed administrator thereof. Section 3897.    The Legislature intended (section 3905) that the county courts of this Commonwealth should only place the estates of deceased persons in the hands of the public administrator after the expiration of three months from the death of the decedent, and then in cases where no one will apply for administration.    We are of the opinion that the county courts are without jurisdiction to place estates in the hands of public administrators, except under the circumstances provided in section 3905.    It is a jurisdictional fact to be shown that the decedent has been dead more than three months, and that no one else has applied for letters of administration.    If the county court can place the estate of a deceased person in the hands of the public administrator under the circumstances in this case, then in every case the county court can, without consulting the distributees, kinsmen, or creditors of the estate, place the estate in the hands of the public administrator immediately upon the death of the deceased, thus entailing in some instances great expense and loss

to the estate. If the parties are required to appeal from the order of the county court to have it corrected, then much expense and delay will follow such litigation. We do not adjudge that the appellant is entitled to qualify as the personal representative of the estate, but, being a kinsman, he has such interest as enables him to prosecute this appeal.

The judgment is reversed, with directions that the circuit court remand the case to the county court for its determination as to who is entitled to qualify as personal representative of the estate.

(Nov. 21, 1901.)

Dissenting opinion by Judge Hobson.

The question involved in this case is whether the order of the county court is void, or merely erroneous, because made prematurely. I can not concur in the conclusion that this renders the order void, although I concede that the order was made prematurely, and should have been set aside on motion. The question turns on the proper construction of sections 3894-3897, 3905, Kentucky Statutes, which are as follows: "When any person shall die intestate, that court shall have jurisdiction to grant administration on his estate that would have had jurisdiction to probate his will, had he made one." Section 3894. "Original administration shall not be granted after the expiration of twenty years from the death of the testator or intestate. If so made it shall be void." Section 3895. "The court having jurisdiction shall grant administration to the relations of the deceased who apply for the same, preferring the surviving husband or wife, and then such others as are next entitled to distribution, or one or more of them whom the court shall judge will

best manage the estate." Section 3896. "If no such person apply for administration at the second county court from the death of an intestate the court may grant administration to a creditor, or to any other person, in the discretion of the court. If a will shall afterward be produced and proved, the administration shall cease, and the court may proceed to grant a certificate of the probate thereof, or, in the proper case, letter of administration, with the will annexed." Section 3897. "The several county courts of this Commonwealth, in which there is a public administrator and guardian, shall confide to him the administration of the estate of deceased persons in all cases in which, by law, the jurisdiction to grant letters testamentary or administration applies, if it shall appear, after the expiration of three months from the death of the decedent, that no one will qualify as executor or apply for administration; and shall also confide to said public administrator and guardian the care and control of the persons and estates of all minors, in case it shall appear that such minor hath no testamentary guardian, and no one will apply for or serve as such by the appointment of the court." Section 3905.

It will be observed that section 3894 is the only one which uses the words, "that court shall have jurisdiction." No reference is made to jurisdiction in any of the other sections. It will also be observed that section 3895, after providing that original administration shall not be granted after the expiration of twenty years from the death of the intestate, also expressly provides that, if so made, it shall be void. If the Legislature had understood that administration after twenty years would be void because forbidden by the previous part of the section, it would not have added the words, "if so made, it shall

be void;" and the fact that no such qualification is added to section 3896, 3897, or 3905 is evidence that the Legislature did not intend the same rule to apply. In construing these sections it must be borne in mind that they have passed through the hands of three sets of revisers, and been readopted by the Legislature in three revisions of the statutes, and that they express, therefore, a clearly-defined legislative purpose.

The language of section 3896 is, "The court having jurisdiction shall grant administration to the relations of the deceased who apply for the same, preferring," etc. The language of 3897 is, "If no such person apply for administration at the second county court from the death of an intestate, the court may grant administration to a creditor," etc. The language of 3905 is, "The several county courts of the Commonwealth, in which there is a public administrator and guardian, shall confide to him the administration of the estate of deceased persons in all cases in which, by law, the jurisdiction to grant letters, testamentary or administration applies, if it shall appear, after the expiration of three months from the death of the decedent, that no one," etc. There can be no sound distinction made between the language of these three sections. If the order under section 3905 is void because made one day before the expiration of three months from the death of the intestate, then the order under section 3897 will be void if the county court is mistaken as to the date of the intestate's death, and it should turn out that he died one day after, and not one day before, the last term of the county court. On the same principle, the order under section 3896 would be void if the court were misled by the evidence as to whether there was a surviving husband or wife. The ruling that the

orders of the county court under these sections are void
if made before the time fixed by the statute would be
proper if the county courts, in matters of administration,
were courts of limited or special jurisdiction.    On the con-
trary, it is well settled that in such matters the county
courts are courts of general jurisdiction, and that their
judgments are entitled to the same respect in these mat-
ters as the judgments of the circuit courts of the State.
Jacobs' Adm'r v. Railroad Co., 73 Ky., 263; Master's Ex'r.
v. Bienker, 87 Ky., 1 (9 R., 841) (7 S. W., 158. The universal
current of authority is that in such matters the judgments of
the county courts can not be attacked collaterally unless the
person upon whose estate administration is granted was
not in fact dead or did not reside in the county.    Schou-
ler, Ex'rs, sec. 92; Black, Judgm., sec. 250; Freem. Judgm.,
sec. 319b.    In Taylor v. Hosick, 13 Kan., 518, the probate
court issued letters of administration to a person not a
relative or creditor, contrary to the statute; yet it was
held that the order was not void, and could not be at-
tacked collaterally.    The same ruling was made in Kelly
v. West, 80 N. Y., 139; Maybin v. Knighton, 67 Ga., 103;
Barclay v. Kimsey, 72 Ga., 725; Emerson v. Ross' Ex'x,
17 Fla., 122 ;Martin v. Robinson, 67 Tex., 368 (3 S. W., 550).
In Tennessee, under statutes similar to ours, letters of ad-
ministration were granted to the public administrator,
within the time fixed by law, and it was contended that
they were void.    The court held otherwise.    It said: "It
seems very obvious that the Legislature intended that the
parties interested in the estate of an intestate should have
six months within which to apply for administration in
the usual way, and that the public administrator should
have no right to demand letters until the expiration of that
time.    It does not follow that the grant of letters within

. the time would be void, nor is it necessary to make an authoritative ruling on the point in this case.    But we are clearly of opinion that the next of kin have the right within the six months to have the estate administered in the ordinary mode, and for this purpose to apply to the court for a revocation of the letters issued to the public administrator."    Varnell v. Loague, 9 Lea, 158.  In Brunson v. Burnett, 1 Chand., 136, the supreme court of Wisconsin held the appointment of one not of kin within the time allowed by law to be voidable.    See, also, *Ex parte* Maxwell, 79 Am. Dec., 62 and notes, 65.    The opinion of the court seems to proceed upon the idea that it is a sounder rule to declare the appointment void than to declare it voidable, but this is to substitute the judgment of the court for the judgment of the law-making branch of the government.    This can not be done.    The court may construe what the Legislature has done, but where a fair construction ends its jurisdiction ceases.    The opinion does not attempt to show that the language of the Legislature may properly be construed to convey the meaning which the court declares to be the law.    It is submitted that to do this is to violate the express terms the Legislature has used.    No authority is cited by the court to sustain the conclusion it reaches, which is in conflict with all the authorities that I have been able to find.    If the order of the county court in this case is void, then the sureties of the public administrator were not responsible for his acts in administering the estate, and sales by him passed no title, for if the order was void he stood as if he had taken charge of the estate without any order of court; and much graver consequences may, it seems to me, result from the rule laid down by the court than from that which the law-making branch of the government has seen prop-

per after the fullest deliberation, and in three revisions to
prescribe. Statutes prescribing the order in which administration shall be granted are as old as the reign of Edward
III.   In all the States or nearly all, provision is made
for administration by a public officer, and nowhere, so
far as I have been able to find, has departure by the probate court from the directions of the statute been held to
make its order void.   It seems to me there is wisdom in
common experience, and that the court is not at liberty
to ignore the well settled rule on the subject, which presumably was known to the Legislature, and with reference
to which the statutes in question were enacted.   No principle is better settled than that, in proceedings of courts,
time is not essential, and that premature action is not void
unless so declared by statute.    Johnson v. Logan Co.,
(23 R., 988) 64 S. W., 634; Whithead v. Mallory, 4 Gray,
180; Murray v. Purdy, 66 Mo., 606; Wilkerson v. Allen, 67
Mo., 502; Snyder v. Markel, 8 Watts, 416.

I therefore dissent from the opinion of the court.