## Boughner, et al. v. Sharp, et. al.

(Decided June 21, 1911.)

### Appeal from Bracken Circuit Court.

1. A note held by a married woman passes at her death to her personal representative and her husband cannot sue thereon.

2. The statute of limitation continues to run after her death and if her personal representative does not qualify until the right of action is barred, he can maintain no action thereon.

3. An action prosecuted by those who have no power to sue does not stop the running of the statute.

B. F. GRAZIANI, G. W. BOUGHNER and GEORGE DONIPHAN for appellant.

EDELEN & DAVIS for appellee.

H. P. WILLIS for appellee Eli Sharp.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

On March 1, 1898, Jacova N. Boughner and Alice B. Holmes sold to Elizabeth Sharp by title bond a tract of 117 acres of land at $20 an acre, the price being divided into four equal payments of $578.50, payable in one, two three and four years, and bearing interest from date, the deed to be made when the price was paid. John W. Boughner was the husband of Jacova N. Boughner. Elizabeth Sharp and her husband executed notes for the purchase money. Jacova N. Boughner died on July 11, 1892, leaving surviving her, her husband and an only child, G. F. Boughner. This suit was brought on January 11, 1906, against Sharp and wife by J. W. Boughner, G. F. Boughner, Alice Holmes and W. J. Boughner on the last two notes executed to Jacova N. Boughner. W. J. Boughner is a brother of John W. Boughner, and it was alleged in the petition that Jacova N. Boughner left no debts; that no administration was ever granted

upon her estate; that the husband, J. W. Boughner, transferred the notes after her death to W. J. Boughner, who was his brother; that the notes are wholly unpaid; that the plaintiffs are ready and willing and able to make a deed to the land upon the payment of the price, and judgment was prayed on the notes and for a sale of the land. Alice Holmes had no interest in the notes. Sharp filed a demurrer to the petition which was over-ruled. He then filed an answer in which he denied all the facts alleged to show title in W. J. Boughner to the notes. He also alleged that the notes were paid and pleaded limitation. Proof was taken and on June 17, 1910, the plaintiffs filed an amended petition in which they alleged that G. F. Boughner had qualified as administrator of his mother on June 9, 1910, and as such administrator he was made a party to the action and adopted the pleadings by the plaintiffs theretofore filed. The case was then submitted. The proof in the action was as follows: G. F. Boughner stated that he was the only child of Jacova N. Boughner; that she died July 11, 1892; that she left surviving her, her husband, John W. Boughner and himself, her only child; that his father, John W. Boughner died on August 2, 1908. His mother left no will, and there was no administration upon her estate. She had no debts. After his mother's death, his father transferred the notes sued on to his uncle, W. J. Boughner without endorsement in consideration of money that he owed him. This was in October, 1894. After the notes were turned over to his uncle, he and his father then went to Sharp's house to tell him of the transfer of the notes. They told him that he was to pay on the notes to W. J. Boughner, and he agreed and promised to do so; made no claim as to the notes being paid, but admitted them and agreed to pay them. W. J. Boughner testified that he and John W. Boughner also saw Sharp and told him that the notes were his and for Sharp to come and see him. Sharp said that he would come down and fix it up with him, but never came. They also introduced in evidence a letter from Sharp to John W. Boughner, dated October 25, 1885, in which he asked time on the debt. Sharp, in his testimony, denied making any of the statements testified to by G. F. Boughner or W. J. Boughner; said that he had no conversation with them about the notes. He also testified that the notes were paid by tobacco that he had delivered to John W. Boughner eight or ten years after he bought the land, the tobacco being delivered by Tol

Downard; that Boughner said that he had laid the notes in his dressing room, but he had come off and forgotten them, and he would bring them and give them up. Downard was dead before the action was brought. The circuit court, on final hearing, dismissed the petition; the plaintiffs appeal.

The circuit court appears to have dismissed the action upon the ground that the legal title to the notes was in the personal representative of Jacova N. Boughner, and not in her husband or her heir at law, and that the promise to stop the statute of limitation must be made to the creditor. On the other hand, it is insisted for the appellants that the administrator of Jacova N. Boughner was made a party plaintiff to the action before it was finally submitted, and, as one of the plaintiffs, was asking judgment on the notes.

The notes were the property of Jacova N. Boughner at her death. They were choses in action which the husband had not reduced to possession in her lifetime, and passed at her death to her personal representative. We have held in a long line of cases that the heir at law can not sue upon a note given to the decedent, but that the right of action is alone in the personal representative. (Brunk v. Means, 11 Ben. Mon., 217; Rockford v. Rockford, 12 R., 153; Loyd v. Loyd, 20 R., 347; Nelson v. Nelson, 29 R., 887; Bennett v. Bennett, 134 Ky., 444.) The rule as to the rights of the surviving husband as to the choses in action of the wife is thus stated by Chancellor Kent:

"If his wife dies and he survives her before he has reduced the chose in action to possession, it does not strictly survive to him, but he is entitled to recover the same to his own use in acting as her administrator." (2 Kent's Com., 135. To the same effect 21 Cyc, 1179; Newman v. Schwerin, 61 Fed., 865.)

We do not see how under our statutes in force at the time the husband can be distinguished from other persons taking as heir at law of the wife. The statute provided as follows:

"Where any person shall die intestate as to his personal estate, or any part thereof, the surplus, after payment of funeral expenses, charges of administration, and debts, shall pass and be distributed among the same persons, and in the same proportions, to whom and in which real estate is directed to descend, except as follows: *  *  * A husband shall have the whole surplus

of a deceased wife's personal estate." (Gen. St., 483.)

The husband's only right to the property is by virtue of the statute and he takes it like any other heir under the statute. The case of Jones v. Warren, 4 Dana, 333, was decided before the adoption of the statute referred to and is expressly based on the ground that the statute of distribution then in force had been construed as not applying to the husband. The statute quoted expressly includes him and regulates his rights. In McKay v. Mayes, 16 R., 863, the administrator of the wife united in the action. In Nennelly v. White, 3 Met., 592, the executor of the husband was allowed to use a chose due the wife as a set-off in equity; but in that case it is conceded that an action at law could not be maintained by the husband. We, therefore, conclude that John W. Boughner took no title to the notes in controversy on the death of his wife, and that his delivery of them without endorsement to W. J. Boughner invested him with no right of action. The suit was filed in the name of John W. Boughner, W. J. Boughner and G. F. Boughner, but none of them had any right of action on the notes and so an action brought by them did not stop the running of the statute of limitation.

The statute having begun to run against Jacova N. Boughner in her lifetime, there being nothing in the statute to stop its running at her death, continued to run after her death. Section 2526, Kentucky Statutes, provides:

"If a person entitled to bring an action mentioned in the third article of this chapter. dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, the action thereon may be brought by his personal representative after the expiration of that time, if commenced within one year after his qualification."

In L. & N. R. R. Co. v. Brantley's Admr., 106 Ky., 849, we had before us the proper construction of this section and we there held that to bring himself within this section, the personal representative must qualify before the cause of action is barred; that if the cause of action is barred when he qualifies, he is not entitled to one year after his qualification to bring the suit. In this case the personal representative did not qualify until more than fifteen years after the alleged new promise was made, and at the time he qualified, the cause of action was barred by limitation. He, therefore, had no

cause of action on the notes. The action was not begun by him until he filed his petition and was made party. The pendency of the action by persons who were not authorized to bring it did not effect the running of the statute; and the cause of action being barred by limitation, the circuit court properly dismissed the petition.

Judgment affirmed.