## Jackson's Admr. v. Asher Coal Co.

(Decided May 6, 1913.)

Appeal from Bell Circuit Court.

1. Executors and Administrators—Public Administrator.—The county court has no jurisdiction under section 3905 of the Kentucky Statutes to place the estate of a decedent in the hands of the public administrator until after the expiration of three months from the death of the decedent, although the appointment may be made at the request of an individual entitled to administer on the estate.

2. Statutes—Construction of by Court of Appeals—Effect of.—When a statute is fairly open to two constructions, either one of which will carry out its purpose, and this court, upon full consideration. adopts one of these constructions, it should be adhered to, especially when the adopted construction has become a settled part of the law.

3. Parties—Capacity of Plaintiff to Sue Should be Raised by Special Demurrer.—The proper manner in which to raise the objection that the plaintiff has not legal capacity to sue is by special demurrer, pointing out the ground on which the demurrer is based.

O'REAR, & WILLIAMS, LEWIS F. DeBUSH, W. G. COLSON and HERBERT SPENCER for appellant.

SAMPSON & SAMPSON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Henry Jackson died on December 15, 1910, and on February 7, 1911, letters of administration on his estate were granted to John H. Hurst, public administrator for Bell County. Thereafter Hurst, as administrator, brought this suit against the appellee company to recover damages for the death of his intestate. In answer to the summons the defendant, now appellee, obtained a rule against the administrator to file copies of the orders of the Bell County Court showing his appointment, and in response to this rule the administrator filed the following orders of the Bell County Court:

"Comes Melinda Jackson, widow of Henry Jackson, deceased, and waives and relinquishes her right and preference to qualify as administratrix of her said deceased husband's estate, and moves the court that the administration of said estate of Henry Jackson, deceased be referred to John H. Hurst, public administrator and guardian for Bell County, for administration, and the court being advised, refers the said administration of said estate of Henry Jackson, deceased, to the said John H. Hurst, public administrator and guardian for Bell County, Kentucky."

When this order was filed, the defendant entered a demurrer to the petition, which was sustained, and, the plaintiff declining to plead further, his petition was dismissed, and he is here on appeal.

Two questions are presented by the record. (1) Was the order of the county court referring the estate to Hurst as public administrator void, and (2) if so, could the question be raised by a demurrer? Of course, if Hurst was not administrator of Jackson he had no authority to institute or maintain the action, as his right to sue depended entirely on the fact that he was the administrator, and whether or not he was administrator depended entirely upon the jurisdiction of the Bell

county court to appoint him. We had the identical question here presented before us in Underwood v. Underwood, 111 Ky., 966. In that case the jurisdiction of the county court to place the estate of a deceased person in the hands of a public administrator, under section 3905 of the Kentucky Statutes before the expiration of three months from the death of the decedent administrated on was directly drawn in question, and the court said,

"We are of the opinion that the county courts are without jurisdiction to place estates in the hands of public administrators, except under the circumstances provided in section 3905. It is a jurisdictional fact to be shown that the decedent has been dead more than three months, and that no one else has applied for letters of administration. If the county court can place the estate of a deceased person in the hands of the public administrator under the circumstances in this case, then in every case the county court can, without consulting the distributees, kinsmen, or creditors of the estate, place the estate in the hands of the public administrator immediately upon the death of the deceased, thus entailing in some instances great expense and loss to the estate."

Again in Young's Admr. v. Louisville & Nashville R. R. Co., 121 Ky., 483, the court said:

"The public administrator is an official of the county, and he executes one bond for the faithful discharge of his duties, which is to secure all estates referred to him under the statutes. He has no power to receive and the court has no power to refer estates to him for settlement except in accordance with the provisions of section 3905 of the statutes."

The correctness of the conclusion reached by the court in Underwood v. Underwood is vigorously assailed by counsel for appellant, but whatever the opinion of the court, as now constituted might be, if the question were an open one, we are not disposed to overrule this case. When a statute is fairly open to two constructions either one of which will carry out its purpose, and this court, upon full consideration, adopts one of these constructions, it should be adhered to, especially when, as in this instance, it has become a settled part of the law. The Underwood case has been referred to in the opinions of this court a number of times, but has never been either criticised or questioned, although a different construction has been placed on section 3897 of the Kentucky Statutes, which is quite similar to section 3905. In

Phillips v. Hundley, 135 Ky., 269, in pointing out the distinction in the rulings of this court in the construction of sections 3905 and 3897, we said:

"In Underwood v. Underwood, 111 Ky., 966, the court held that the appointment of a public administrator before the expiration of three months after the death of a decedent was void—holding that under section 3905 of the Kentucky Statutes the court had no jurisdiction to make the appointment until the three months had expired; but this rule has never been applied to the appointment of administrators under sections 3896, 3897 of the Kentucky Statutes; and the appointment of an administrator with the will annexed is, as provided in section 3891, of the Kentucky Statutes, regulated by these sections. On the contrary, we held in Buckner v. L. & N. R. R. Co., 120 Ky., 600, Young's Admr. v. L. & N. R. R. Co., 121 Ky., 483; Spayd v. Brown, 102 S. W., 823; Cunningham v. Clay, 112 S. W., 852, and McFarland v. L. & N. R. R. Co., 113 S. W., 82, that the appointment of an administrator, not of kin to the deceased, before the second county court day after the death of the intestate, was erroneous, but not void."

It is suggested in argument for appellant that as the widow of Jackson was entitled under the statute to qualify as administratrix, she had the right upon declining the trust to nominate a person to act, and having done this, a substantial distinction exists between the facts of this case and the facts in the Underwood case, and therefore the Underwood case should not be treated as controlling. But we cannot see our way clear to agree with the reasoning or conclusion reached by counsel. The question is simply one of power or jurisdiction in the county court to make the appointment, and so it necessarily follows that if the county court had no jurisdiction to put the estate in the hands of a public administrator when it undertook to do so, the mere fact that a person entitled to qualify requested that it be done, could not extend the jurisdiction of the court or give it a power withheld by the statute.

As the Bell County Court had no jurisdiction to place the estate of Jackson in the hands of the public administrator, the order appointing him was void, and being void, he had no right to either institute or prosecute this suit.

Could the validity of his appointment be drawn in question by a demurrer to the petition? The record

shows that two demurrers were filed to the petition. One appears on its face to be a general demurrer; the other is simply a "demurrer to the petition herein;" and the judgment of the court on the demurrer does not disclose whether it was rested on the ground that the objection to the petition was based on a general or a special demurrer. It merely recites that "this cause being submitted and heard on the demurrer to the petition herein, and the court being fully advised thereon, sustains said demurrer."

Accurately speaking, the proper manner in which to raise the objection that the plaintiff has not legal capacity to sue, is, by a special demurrer stating the 'grounds on which the demurrer is based: Civil Code, sec. 92; Louisville & Nashville R. R. Co. v. Herndon, 126 Ky., 589. But passing the point that the demurrer did not conform to the code form as not material, we will treat the demurrer as special, and thus looking at it, we think the objection to the petition could be raised by such a demurrer.

It was pointed out in Paslick v. Shay, 148, Ky., 642, that the county court in the appointment of administrators is a court of general and exclusive jurisdiction, and it will be presumed to have had jurisdiction to make the order of appointment until the contrary appears, and if an attack is made upon the order of appointment, it must be affirmatively shown that the jurisdiction did not exist. In this case the order referrng the estate to Hunt as public administrator filed with the petition as an essential part of it, shows that the court did not have jurisdiction to make the appointment. This being so, it would be idle to hold that it was necessary that the want of jurisdiction should be shown by a pleading which could not set out more fully or accurately the facts than did the petition and exhibits filed therewith.

The judgment of the lower court is affirmed.