## Fentzka's Administrator v. Warwick Construction Company, et al.

(Decided February 9, 1915.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, No. 1).

1. Limitation of Actions—Computation of Period of Limitation—Commencement of Action by Unauthorized Parties.—The bringing of an action by an administrator under a void appointment does not stop the running of the statute. Unless there is a valid appointment and qualification of an administrator within one year after the death of the intestate no action may be maintained to recover damages for his death.

2. Pleading—Amendments—Substitution of Parties.—Where an action to recover damages for the death of an intestate is brought by an administrator acting under a void appointment, there is no suit in court, and nothing to amend; hence the trial court properly refused to permit to be filed an amended petition tendered and offered by the administrator after he had obtained a second and valid appointment, after the expiration of more than a year after the death of intestate.

EUGENE HUBBARD, ALPHA HUBBARD and WALTER C. BARKER for appellant.

H. O. WILLIAMS and J. L. RICHARDSON for appellee.

Opinion of the Court by Judge Hannah—Affirming.

On November 14, 1911, the Kennicott Company and the Warwick Construction Company, both Illinois corporations, were engaged in the construction of a smoke-stack for the Kentucky Electric Company in Louisville.

Charles G. Fentzka, an employe of the Kennicott Company, while at work on the stack, was killed on the day mentioned.

Six days later, on November 20, 1911, Fentzka's widow having waived the right to qualify as administratrix of his estate, the estate was, upon her motion, referred to Andrew M. Sea, Jr., the Public Administrator of Jefferson county.

On the next day Sea, as administrator of the estate of Fentzka, instituted this action in the Jefferson Circuit Court against the Kennicott Company, the Warwick Construction Company, and Jeremiah Sego, the latter company's foreman, to recover damages for the death of Fentzka.

The petition, in respect of the authority of plaintiff administrator, merely recites that Fentzka died on November 14, 1911; that at the time of his death he was domiciled in Jefferson county; and that on November 20, 1911, plaintiff was duly appointed administrator of Fentzka's estate by an order of the Jefferson County Court, and that plaintiff had qualified and executed bond as such administrator.

On December 19, 1911, the plaintiff having effected a settlement with the Kennicott Company for the sum of $2,700, dismissed the action as to it.

Defendant, the Warwick Construction Company, filed a general demurrer to the petition, which was overruled. The issues were then completed by an answer and reply; and the case was passed from time to time until on November 22, 1913, when an amended petition, setting up the fact that on July 21, 1913, the Jefferson County Court, by a second reference, had confided to him as Public Administrator the estate of Charles G. Fentzka, was tendered and offered to be filed.

The first order of reference to Sea as Public Administrator was, of course, void because made within three months after Fentzka's death. Jackson's Admr. v. Asher Coal Co., 153 Ky., 547; Underwood v. Underwood, 111 Ky., 966; Kentucky Statutes, Section 3905.

The court overruled the motion to file this amended petition; and defendants then filed an amended answer setting up the facts in respect of the first and the second reference of the Fentzka estate to Sea as Public Administrator, and that the second reference was not had until after the cause of action for Fentzka's death was barred by the statute of limitations. The issues were then completed by an amended reply, a demurrer to which the court sustained; and, upon the declination of plaintiff to plead further, the petition was dismissed. Plaintiff appeals.

1. Appellant first contends that the question of his want of capacity to sue could be reached only by special demurrer, and that no special demurrer having been filed, the defect was waived.

Civil Code, Section 92, defines a special demurrer as "an objection to a pleading which shows (Subsection 2) that the plaintiff has not legal capacity to sue." But the petition here involved did not show that the plaintiff had not legal capacity to sue. The allegation in respect of his appointment as administrator was such as indicated the appointment of an ordinary administrator, not a reference of the estate to the public administrator; and the want of capacity to sue is not shown upon the face of the petition.

The objection as to want of capacity upon the part of the plaintiff not appearing on the face of the petition the matter is controlled by Section 118, Civil Code, which provides that where the existence of any of the objections mentioned in Section 92 is not shown by the pleading, the question may be raised by answer or other proper pleading. There was, therefore, no waiver of the defendant in respect of plaintiff's want of capacity to maintain the action.

2. But it is insisted that such liberality in the matter of permitting the amendment of pleadings has been exercised under Section 134, Civil Code, that the trial court abused its discretion in declining to permit the filing of the amended petition tendered and offered to be filed on November 22, 1911.

It seems that some time prior to July 21, 1913, it was discovered by plaintiff that the reference of the Fentzka estate to Sea as Public Administrator, on November 20, 1911, was void, and for that reason the second reference was made on July 21, 1913.

On November 22, 1913, the amended petition was tendered and offered to be filed. It is styled Andrew M. Sea, Jr., Administrator of the estate of Charles G. Fentzka, deceased, plaintiff, v. Jeremiah Sego and The Warwick Construction Company, defendants.

So far as here pertinent, it contains the following language:

"The plaintiff, Andrew M. Sea, Jr., states that Charles G. Fentzka departed this life intestate on the 14th of November, 1911, and that at the time of his death he was a resident of and domiciled in the city of Louisville, Jefferson county, Kentucky; and that on the 21st day of July, 1913, he was by an order of the Jefferson County Court appointed by the judge of said court as administrator of the estate of said decedent * * * Now comes plaintiff and adopts the petition as amended and all subsequent pleadings and steps as his pleadings and reaffirms all allegations of said pleadings and prays as therein contained."

The order overruling the motion to file this amended petition does not show who tendered and offered to file it; that is, whether Andrew M. Sea, Jr., as Fentzka's administrator under the first or void reference of the estate to him as Public Administrator, or Andrew M. Sea, Jr., as Fentzka's administrator under the second or valid reference.

But, from the language of the pleading, there can be no doubt that it was tendered by Sea in the latter capacity; and, in such capacity, legally speaking, he was a separate and distinct person from Andrew M. Sea, Jr., administrator acting under the first reference.

The amended petition was, in point of fact, an intervening petition to be made a party plaintiff, and to be substituted as plaintiff in the action, in the same measure as if A had been appointed administrator under the first reference and B under the second reference, for the first reference was invalid.

This amended petition was, in truth, the pleading of a new party attempting to be substituted as plaintiff, and it will readily be seen that its purpose was to avoid the plea of the statute of limitations, more than a year having elapsed after Fentzka's death until the valid reference to Sea as Public Administrator, so that a new action could not have been maintained.

An amendment to a pleading necessarily assumes that the person offering the amendment has something to amend. One party to an action cannot amend another party's pleading. If A and B are sued jointly and answer separately, A would not be permitted to amend B's answer.

And so, Andrew M. Sea, Jr., as administrator under the valid reference, had no petition in court to amend; in that capacity he was not a party to the action, and as such he had no pleading that could be amended.

Nor are we wholly without authority to support the views herein stated. In Brooks v. Boston Ry. Co., 97 N. E. (Mass.), 760, an action to recover damages for the death of a person was instituted in the name of the decedent after her death. More than two years after her death an administrator was appointed and sought to be substituted as party plaintiff in the action originally instituted in the name of the dead person. The court held that this was not permissible, and said:

"An action at law implies by its very terms the existence of a person who has the right to bring the action. * * * It is urged, however, that, under our statute allowing amendments, the administrator now appointed may be substituted as party plaintiff. The essential words of that statute are that the court may allow any other amendment in matter of form or substance in any process, pleading, or proceeding which may enable the plaintiff to sustain the action for which it was intended to be brought. This language in plain words indicates the existence of a real plaintiff as the original instigator of the action. It gives no countenance to the idea that something phantasmal and visionary may be given a body and a substance by the aid of subsequent events. It pre-supposes a plaintiff; here there was no plaintiff. * * * The present decision does not impair in any degree that which has been said in many other cases as to the liberality with which amendments are allowed under our practice. It only holds that where, in the nature of things, no person can be plaintiff and the cause of action is in suspense, an action cannot be instituted. If no action can be instituted, there is nothing to amend."

In the case at bar, until there was a valid reference of the Fentzka estate to the Public Administrator, or the valid appointment of a regular administrator, no

person could maintain an action to recover damages for his death; and the action that was instituted being absolutely and incontestably void, there was nothing to amend.

In Smith v. Andrews, 70 Ga., 708, it was held that the declaration in a suit upon an administrator's bond commenced by an attorney who was also ordinary (probate judge) of the county, and had jurisdiction of the administration, could not be amended by substituting the name of another attorney for the plaintiff; the institution of the action by the first attorney being in contravention of law, there was no suit to amend.

See also Thayer v. Farrell, 11 R. I., 305, and Armstrong v. Bean, 59 Tex., 492, in which latter case it was said that the substitution of plaintiff, even if allowed, could have had no other effect than the filing of an original petition.

2. In L. & N. v. Brantley's Admr., 106 Ky., 849, 21 R., 473, 51 S. W., 585, the court held that if an administrator qualifies within one year from the injury, i. e., before the action was barred, he is given another year in which to bring an action to recover damages therefor; but that, unless an administrator qualifies within one year, the bar is complete.

In the case at bar Fentzka died on November 14, 1911. There was no valid appointment and qualification of an administrator or reference to the public administrator until July 21, 1913. And there having been no valid qualification of a personal representative within a year after Fentzka's death, the cause of action thereon was barred by the statute. See Carden's Admr. v. L. & N., 101 Ky., 113, 39 S. W., 1027.

In Boughner v. Sharp, 144 Ky., 320, 138 S. W., 375, Jacova N. Boughner died the owner of certain notes. They had not been reduced to the possession of her husband during her lifetime, and at her death, therefore, passed to her personal representative. J. W. Boughner, husband of Jacova N. Boughner, after her death, transferred the notes to his brother, W. J. Boughner. J. W. Boughner, W. J. Boughner, and G. F. Boughner, a son of J. W. Boughner, brought a suit to enforce the collection of the notes mentioned. In that case the court held that as none of the plaintiffs had any right of action on the notes, the action instituted by them did not stop the running of the statute of limitations. Be-

fore the case was finally submitted the personal representative of Jacova Boughner was made a party plaintiff. The court said the personal representative did not qualify until after the cause of action was barred by limitation, and he therefore had no cause of action on the notes; that the action was not begun by him until he filed his petition and was made a party; and that the pendency of the action by unauthorized persons did not affect the running of the statute.

In the case at bar the institution of the action by an administrator acting under a void appointment or reference did not stop the running of the statute, so that the action was barred at the time of the second or valid reference of the Fentzka estate to the Public Administrator; and, in addition, there having been no valid appointment of a personal representative or reference to the Public Administrator within one year after Fentzka's death, the administrator had no right to prosecute the action by virtue of the appointment or reference of July 21, 1913.

Judgment affirmed.