## Hughes, et al. v. Shehan, et al.

(Decided October 28, 1921.)

### Appeal from Nelson Circuit Court.

1. Pleading—Special Demurrer.—A special demurrer is limited by section 92 of the Civil Code to objections which appear upon the face of the pleading to which it is directed; and it cannot enlarge the allegations of such pleading by reciting extraneous facts; hence, a special demurrer is not a "proper pleading," as that term is employed in section 118 of the Code for making objections covered by section 92, the existence of which is not shown by the pleadings of an adversary.

2. Appearance—Proceedings Constituting.—The filing of an answer or other proper pleading to the merits enters the appearance of the defendants and is made by section 118 a waiver of the objections covered by section 92, except as to jurisdiction of the subject matter of the controversy, unless the extraneous facts necessary to raise such objections are pleaded in the answer or other proper pleading filed.

3. Easements—Location of Passway.—An application for the establishment of a private passway over the lands of another may designate a particular route desired and in such a case it is not prejudicial error to confine the commissioners appointed to view and report upon the proposed passway to the particular route

proposed since the resistants by exception to the report may show that the proposed route is not the most practical and feasible one for such passway over their lands.

4.    Easements—Action by Life Tenant to Establish Passway.—A life tenant, who does not reside upon the land, in conjunction with the remaindermen, may maintain an action to establish a private pasway over the land of other persons to enable them or their tenants residing upon the land to attend elections, church, etc., as provided by law.

5,    Damages—Evidence.—Evidence held to sustain verdict on amount of damages.

NAT W. HALSTEAD and FRANK DAUGHERTY for appellants.

JOHN S. KELLY and J. SMITH BARLOW for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This proceeding was instituted in the Nelson county court on January 26, 1920, by appellees to condemn a passway from a farm owned by them over the lands of the appellants to a public road, to enable appellees and persons residing upon their farms to attend elections, courts, church, etc., as is provided may be done by law.

From the judgment in the county court in favor of appellees, appellants prosecuted an appeal to the Nelson circuit court and from a like judgment there they have appealed to this court.

It is first insisted for reversal that a special demurrer to the jurisdiction of the court filed in the county court and renewed in the circuit court was erroneously overruled; that the right to question the jurisdiction of the court was not waived and that the court never acquired jurisdiction of appellants.

There is quite a contention by counsel as to whether the act of June 23, 1893, as amended in 1904, and being sections 4348-4356, inclusive, in the 1909 edition of the statutes, or the act passed at the 1918 session of the legislature and being chapter 99 of the acts of that session, was in force at the time of the institution of this action and during its progress throughout the lower courts. Both acts required ten days' previous notice of the intention to apply for a passway and this was given here. The older act in subsection 2 of section 4348 of the 1909 edition of the statutes required, in addition, that:

"Upon filing of the report of the commissioners, the clerk of the county court shall issue process against the owners to show cause why the said report should not be

confirmed, and shall make such orders as to non-residents and persons under disability as are required by the Civil Code of Practice in actions against them in the circuit court.''

This provision is omitted from the act of 1918, but has been restored by a new and independent act enacted at the 1920 session of the legislature and which deals comprehensively with the subject of passways. No process, as required by the acts of 1893 and 1920, was served upon appellants, and without deciding which of the three laws was applicable when this proceeding was instituted and tried we shall assume that service of summons was necessary to give the court jurisdiction of the persons of appellants. The petition to which the special demurrer was interposed did not disclose the fact that no summons had been issued or served upon appellants. As this court has pointed out in several cases the office of a special demurrer is limited by section 92 of the Civil Code, to objections which appear upon the face of the pleading to which it is directed. Richardson v. L. & N. R. R. Co., 129 Ky. 449, 112 S. W. 582; Gillen v. I. C. R. Co., 137 Ky. 375, 125 S. W. 747; L. & N. R. R. Co. v. Mitchell, 162 Ky. 253, 172 S. W. 527; Fentzka's Admr. v. Warwick Const. Co., 162 Ky. 580, 172 S. W. 1060; L. & N. R. R. Co. v. Stewart, 163 Ky. 164, 173 S. W. 757. As said in L. & N. R. R. Co. v. Mitchell, *supra*, ''a special demurrer is an objection to a pleading which shows that the court had not jurisdiction of the defendant or the subject matter of the action,'' and such ''a demurrer cannot enlarge the allegations of the petition by reciting extraneous facts.'' It would, therefore, seem clear that the court did not err in overruling the special demurrer here, although it alleged the failure to serve process upon defendants.

But counsel for appellants contend most earnestly that by reason of the provisions of section 118 of the Code it is permissible and proper to state in the special demurrer such extraneous facts as are necessary to show a want of jurisdiction.

This contention is based upon the fact that section 118 of the Code provides ''a party may by an answer or other proper pleading make any of the objections mentioned in section 92, the existence of which is not shown by the pleading of his adversary; and failure to do so is a waiver of any of said objections, except that to the jurisdiction of the court of the subject of action.'' The

trouble with the contention is that the objection was not made "by answer or other proper pleading" since it was only attempted to be made in the special demurrer which, as we have already seen, is not a "proper pleading" for making such objections. It therefore results that the court did not err in overruling the demurrer and as appellants did not make the question in the other pleadings which they filed to the merits, they entered their appearance and waived the question of jurisdiction.

The next objection urged by appellants is that the court committed prejudicial error in the order appointing commissioners by directing them to review and report only upon the single route over appellants' land designated in the petition.

We are not able to find any merit in this contention since the commissioners reported that the route approved by them and conforming almost, if not exactly, with the one applied for by appellees "is the most convenient and practical." One of the exceptions filed by appellants to the report of the commissioners was directed to this point which permitted the appellants if they had so desired to introduce evidence to show whether or not the route as approved by the commissioners was in fact the most convenient and practical one that could have been located upon their lands. No such evidence was introduced by them and there is nothing here upon which to base a claim that the order, if erroneous in restricting the commissioners to the single route, was in any way prejudicial to appellants' substantial rights.

We are of the opinion, however, that the practice pursued here is permissible with reference to a private passway. None of the three successive laws above referred to, which define and regulate the practice for the establishment of private passways, either expressly or by implication, requires that the commissioners shall be directed to view other routes than the one proposed in the application as is required of commissioners for the establishment of public roads. These acts only require that the court shall appoint commissioners "as in case of a road" and that they shall fix a just compensation to the land owners for the passway "in the same manner as upon application to open and establish a new road." It is, therefore, only in the manner of the appointment of the commissioners and the determination of the compensation that the proceedings to establish a passway are re-

quired to conform to the preceedings to open a public road.

We are, therefore, of the opinion that it is not required that the commissioners appointed to view the proposed private passway shall be directed to view other routes; but this does not, of course, prevent the owner of the land upon trial of exceptions to the commissioners' report, to show that the proposed route is not the most practical and convenient way over his land and by such a showing to defeat the establishment of the particular route proposed. In other words, the applicants may apply for a particular route and by such an application limit their right in the proceedings to have that route only established, and in such a case the commissioners should be directed to report with reference to that route alone, or the applicants may, if they desire, apply for a passway over certain lands without describing a particulor route, and in such a case the commissioners should be directed, if they find the passway over such lands necessary, to report the one they consider most practical and feasible. In either event the owners of the land proposed to be taken, may object to the route approved, upon the ground that it is not the most practical and convenient.

Another objection is that the court erred is refusing to dismiss the action upon the ground that the act of 1918 under which it is alleged the proceedings were instituted and tried was not then the law with reference to the establishment of a private passway. This contention is based solely upon the fact that the 1918 act did not require service of summons and none was served upon the defendant. But as we have assumed for the purposes of this case that a service of summons was necessary to give the court jurisdiction of the parties, as is required by the older law as well as the more recent one, and shown that even under such an assumption appellants by pleading to the merits entered their appearances, it is immaterial which law was then in force.

The next contention is that appellees could not maintain the action because only one of them, the life tenant, has any present right upon the land and she does not reside there, but in Springfield, Ky.; that the statutory right is limited to those who individually need the proposed passway to enable them to attend elections, church, etc.

To so construe the statute would convict the legislature of a preference in the matter of attending elec-

tions, church, etc., for the owner of the land over his tenants. Neither the language of the statute nor the evident purpose of the legislature in its enactment is reasonably susceptible of such construction. The contemplated passway, when established, is an appurtenant to the land and for the use and benefit of those rightfully upon the land, whether owners or tenants, although the proceeding to establish a passway must, of course, be brought by the owner. The remaindermen, one of whom lives upon the land, have very properly joined with the life tenant as plaintiffs in the action, and there can be no possible doubt of their joint right to maintain the action for a passway to enable them or their tenants to get to and from same for the purposes named in the statute. There is no analogy whatever between this case and Fitzpatrick v. Warden, 157 Ky. 95, 162 S. W. 550, which is the only authority cited by appellants in support of this contention.

The final contention is that the compensation allowed appellants for the land taken is wholly inadequate. We do not so read the evidence. The jury in the circuit court increased slightly the allowances made by the jury in the county court which were slightly in excess of the amounts allowed by the commissioners. Although the evidence for the appellants would have justified the jury in fixing the damages at larger amounts, there was plenty of evidence to sustain the verdict and we are, therefore, not authorized to disturb it.

Perceiving no error prejudicial to appellants' substantial rights the judgment is affirmed.