## Blake Coal Mining Company, et al. v. Johnson.

(Decided October 20, 1922.)

### Appeal from Pike Circuit Court.

1. Descent and Distribution—Recovery of Personalty—Personal Representative.—An action for the recovery of personal property owned by a decedent must be brought by the personal representative, and an heir cannot sue therefor unless the personal representative refuses to sue, and that fact must be alleged, and the personal representative must be made a defendant.

2.  Pleading—Want of Legal Capacity to Sue—Special Demurrer.—
    Where the want of legal capacity to sue is shown by the petition,
    a special demurrer is the proper pleading for objecting thereto.
3.  Pleading—Special Demurrer.—Such special demurrer should state
    the ground therefor, as provided by section 92 of the Code, but
    need not plead the facts upon which it is based.
4.  Pleading—Want of Legal Capacity to Sue—Waiver.—The want of
    plaintiff's legal capacity to sue was not waived where that fact
    appeared from the petition, and a special demurrer thereto season-
    ably filed stated as cause therefor "That the plaintiff has no right
    to maintain this action and such cause of action as attempted to
    be stated in the plaintiff's petition does not accrue to her."

J. E. CHILDERS for appellants.

PICKLESEIMER & STEELE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellee, by her petition herein as amended, al-
leged that Mrs. H. H. Stallard, at the time of her death,
was the owner of eighteen shares of the capital stock of
the appellant Blake Coal Mining Company; that Mrs.
Stallard died intestate and left surviving as her only
heirs appellee, her daughter, and appellant, H. H. Stal-
lard, her husband; that appellee inherited one-half and
the husband the other half of said eighteen shares of
stock; that by reason thereof, she was entitled to have
the stock certificate standing in the name of her mother
cancelled, and a certificate of nine shares of the stock
issued to her; and that this the appellants, mining com-
pany and its officers, refused to do. She prayed that
she be adjudged the owner of said nine shares of stock,
and that appellants be required to issue to her a certi-
ficate therefor.

Appellants, before filing other pleadings of any kind,
filed a special demurrer and then a general demurrer to
the petition as amended, which the court overruled. Ap-
pellants then answered, denying the asserted title of both
appellee and Mrs. Stallard. The issues having been
completed and the proof taken, the court, upon final sub-
mission, granted appellee the relief asked.

Upon this appeal from that judgment, the first ques-
tion is that raised by the special demurrer.

This court uniformly has held that since the title to
personal property vests not in the heir or devisee but in
the personal representative of the decedent, an action for
the recovery thereof must be brought in the name of the

latter, unless he refuses to sue, and then that fact must be alleged and he must be made a defendant.    Williams v. Coffman, 31 R. 158, 101 S. W. 921; Nelson v. Nelson, 20 R. 885, 96 S. W. 794; Bennett v. Bennett's Admr., 134 Ky. 444, 120 S. W. 372; Boughner v. Sharp, 144 Ky. 320, 138 S. W. 375.

Counsel for appellee do not deny this rule, but insist merely that appellants waived their right to insist thereon by failing to specify in the special demurrer the ground upon which it was based.    In support of this contention they cite only Jackson's Admr. v. Asher Coal & Coke Co., 153 Ky. 547, 156 S. W. 136, in which a demurrer, not even styled a special demurrer or specifying any ground therefor, was treated as a special demurrer upon the ground that its failure to comply with section 92 of the Code was immaterial in that case because the defective condition of the petition was apparent on its face. There is therefore no support for appellee's contention in that case.

Section 92 defines a special demurrer as ''An objection to a pleading which shows'' any one of four things, the second of which is: ''(2) That plaintiff has not legal capacity to sue,'' and then provides that any of these grounds of objection, except one not involved here, ''shown to exist by a pleading, is waived unless distinctly specified by a demurrer thereto.''

The ground for the special demurrer that plaintiff was without right to sue being shown by the petition, it was necessary to avoid waiver for appellants to file a special demurrer as provided in section 92; and section 118, referred to by counsel for appellee, has no application, since it applies only when any of the defects named in section 92 exist but do not appear on the face of the pleading.

The only question therefore is whether or not the special demurrer filed herein ''distinctly specified'' the ground therefor, viz.: ''That plaintiff has not legal capacity to sue.''

The demurrer, omitting caption and signature, is as follows:

''Comes the defendants and demurs specially to plaintiff's petition herein, and for cause assign that the plaintiff has no right to maintain this action and such cause of action as attempted to be stated in the plaintiff's petition does not accrue to her.

"Upon which demurrer the defendants pray the judgment of the court."

This certainly is in strict compliance with the code, and we do not see how the ground relied upon, that plaintiff was without legal capacity to sue, could have been more "distinctly specified" than was done in this case. It is therefore clear that plaintiff's lack of legal capacity to sue, apparent on the face of the petition, was not waived, and that the court erred in overruling the special demurrer.

We are urged by appellee to decide the case on its merits in any event, but this we cannot do without forcing appellants, over their objection, as did the lower court, to try title to personal property with a person who as appears from her petition has no right to litigate that matter, and this we can not do.

The judgment is, therefore, reversed for proceedings consistent herewith.