## Sowle, et al. v. Potter, et al.

(Decided February 14, 1928.)

## Appeal from Barren Circuit Court.

1. Trusts.—Chancellor's termination of trust in grantee to sell property conveyed, pay off liens, and divide balance with grantor, and order for sale of property, held justified, in view of dispute between parties and over six months' time elapsing since execution of deed.

2. Executors and Administrators.—In suit to cancel deed, judgment held erroneous as to collection of debts due deceased former owner of land conveyed and payment of debts against her estate; appointment of, and presentation of duly proven claims to, decedent's personal representative, being required by Ky. Stats., secs. 3870, 3872, 3874.

3. Descent and Distribution.—Heir at law may not sue on note given to decedent, except under special circumstances; right of action being in personal representative.

4. Descent and Distribution.—Point that heir at law cannot sue on note given decedent cannot be considered waived, where not presented in pleadings, some parties affected are not before court, and settlement of personal estate involves sharp controversy among parties to litigation.

GUY H. HERDMAN and N. P. SIMS for appellants.

RODES & HARLIN for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming in part and reversing in part.

This litigation is between sisters and involves property in Warren county, Ky. Martha Stigall died intestate, survived by two daughters, Lonnie Stigall Sowle and Elizabeth Stigall Potter. The intestate possessed three small tracts of land aggregating 47½ acres. It appears that she owed some debts and owned some personal estate consisting of notes due her from two or more people. F. L. Sowle, husband of the appellant Lonnie Stigall Sowle, also owned a tract of land of 15.82 acres, which appears to be adjacent to the other land and necessary in connection with it as a means of access to the public road.

On January 13, 1925, the appellants executed and delivered to Elizabeth Stigall Potter a deed of general warranty for the one-half undivided interest of Mrs. Sowle in the property left by her mother, and the fee-simple title of F. L. Sowle to the property owned by him.

The deed was placed on record. August 4, 1925, this suit was filed by the appellants against the appellees to cancel the deed on the ground that it was procured by false and fraudulent representations and undue influence. An answer and counterclaim was filed, in which the allegations of the petition were denied, and in a second paragraph it was pleaded that the deed was executed to create a trust and that the appellees were to sell the real estate, pay off the debts, taxes, and expenses, and divide the balance of the proceeds equally between the two sisters.

Considerable evidence was taken, and on submission the circuit court adjudged that the deed was valid, but that the property should be sold as a whole, and, after paying to appellee Elizabeth Stigall Potter $400 which she had paid Barlow, and the funeral expenses of Mrs. Stigall, and a $500 note of F. L. Sowle, and a $75 note of F. L. Sowle and wife, the proceeds remaining should be equally divided between the two sisters. Mrs. Potter was charged with $100 rents collected and credited with $75 interest and insurance premiums paid. The master commissioner was directed to collect a note due the estate from Dr. Dowell and distribute the proceeds. The appeal is prosecuted by Mr. and Mrs. Sowle from that judgment. We concur in the finding of the chancellor that the plaintiff failed to sustain the allegation that the deed was obtained by undue influence or false representations. It is reasonably clear from the evidence that Mrs. Potter was to sell the property to pay off the Barlow mortgage of $400 against her mother's property, and a vendor's lien of $432 against the property of F. L. Sowle, and then divide the balance with her sister. In view of the dispute that has arisen between these sisters and of the time that has elapsed since the deed was executed, we are of the opinion that the chancellor was justified in terminating the trust and ordering a sale of the property by the master commissioner. The proceeds of the sale should be first applied to extinguish the vendor's lien on the Sowle property, and the Barlow mortgage debt of $400, with accrued interest on both debts, and the remainder of the money divided equally between the two sisters, Mrs. Sowle and Mrs. Potter.

The court erred in its judgment respecting the collection of the debts that were due Martha Stigall and in ordering payment of debts against her estate. The claims should be presented to a personal representative, duly proven, as required by the statutes. Sections 3870,

3872, 3874. It is necessary for a personal representative to be appointed to collect the personal estate, pay off the debts, and distribute the balance. Of course, if the personal estate should prove insufficient to pay the debts, the distributees will be liable therefor to the extent imposed by Ky. Stats., sec. 2088.

The heir at law may not sue upon a note given to the decedent, except under special circumstances, not here appearing. The right of action is in the personal representative. McLemore v. Sebree C. & M. Co., 121 Ky. 53, 88 S. W. 1062; Nelson v. Nelson (Ky.) 96 S. W. 794; Williams v. Coffman (Ky.) 101 S. W. 919; Bennett y. Bennett's Adm'r, 134 Ky. 444, 120 S. W. 372; Boughner v. Sharp, 144 Ky. 320 138 S. W. 375; Blake Coal Mining Co. v. Johnson, 196 Ky. 127, 244 S. W. 414.

The point cannot be considered as waived in this litigation, since it was not presented in the pleadings and it appears that there are parties affected who were not before the court and the settlement of the personal estate involves a sharp controversy among those who are parties hereto.

We have concluded, therefore, to affirm the judgment in so far as it orders a sale of the property and payment of the lien debts, but to reverse the judgment in all other respects, without prejudice to the rights of a personal representative of Martha Stigall.

The judgment is affirmed in part and reversed in part for further proceedings not inconsistent with this opinion.