## Shaw v. Halmhuber.

December 8, 1950.

W. B. Ardery, Judge.

Ben Fowler for appellant.

James P. Hanrahan for appellee.

CLAY, COMMISSIONER—Affirming.

This is an appeal from a judgment authorizing ·appellee, as committee for an incompetent, to execute a quitclaim deed to an interest in real estate formerly owned by his ward. The objective of the suit is to clear the title to property sold under a former judgment whose validity has been brought in question.

In 1933 a petition was filed in the Franklin County Court asking that James Shaw be declared a person of unsound mind. The County Court so adjudged, and subsequently appointed J. L. Terry as Shaw's committee. It is apparently conceded that this adjudication and appointment were void because under KRS 202.020 (being section 216aa-68 Carroll's Kentucky Statutes, at the time of the inquest) the Circuit Court, not the County Court, had exclusive jurisdiction of such inquests.

In 1937 J. L. Terry, allegedly as committee, filed suit in the Franklin Circuit Court against Shaw to sell the latter's one-half interest in an eleven acre tract ·of land near Frankfort. Summons was served on the incompetent and the person having his custody, and ,a guardian ad litem was appointed. Proof was taken to establish that the proposed purchase price of $6400 was fair and reasonable. At this point in the proceedings it was apparently discovered that the former adjudication of incompetency and the appointment of Terry were invalid. The Franklin Circuit Court was thereupon petitioned to hold an inquest. This was done, and the Court adjudged Shaw a person of unsound mind and appointed Terry as committee. The propriety of these later proceedings is not in question.

Immediately after his second appointment, Terry as committee filed an amended petition setting up the new appointment and again asked approval of the sale.

No summons was served on this amended petition. Thereafter the Court approved the sale.

The present suit was filed in 1950 for Court approval of a contract to quit-claim to the original purchaser for $300 the incompetent's interest in the real estate, because after a subdivision of the land some question was raised concerning the validity of the 1937 judgment. The land has greatly increased in value since that time, and the guardian ad litem is defending on the ground that the incompetent is still its owner and the payment of $300 for his interest at this time would be unreasonable and unfair. The Chancellor, however, held the former proceedings valid and approved the new contract which will finally clear the title.

On this appeal the guardian ad litem contends the judgment in 1937 was void because no summons was served on the incompetent after the amended petition was filed in that suit, showing for the first time the valid appointment of Terry as committee. This contention is based on the argument that when Terry first filed the suit in 1937, he was without capacity to sue, and therefore no suit was actually pending. It is urged the purported amendment was the same as bringing a new suit which would require service of summons on the defendant under Section 63 of the Civil Code.

The principal authority relied on is Fentzka's Administrator v. Warwick Construction Company et al., 162 Ky. 580, 172 S. W. 1060. In that case the plaintiff sought to recover for the wrongful death of another and sued as administrator under a void appointment. After a second valid appointment, the administrator amended his petition showing his capacity to sue. By that time the statute of limitations had run. The Court held that until there was a valid appointment of the administrator, the action attempted to be brought was a nullity, and because there was no party plaintiff, there was nothing to amend. It will be noted in that case that at the time the amendment was offered, the legal rights of the defendant had changed, and he would be seriously prejudiced if the administrator was permitted to preserve the original filing date of the suit against the plea of the statute of limitations.

Other cases cited by appellant relate to situations

where the proposed amendment changes the cause of action.

Under Section 134 of the Civil Code, the Court is given a broad discretion in permitting amendments to pleadings. It is proper to add the name of a party or correct a mistake in the name of a party, and the Court is authorized to disregard any error or defect which does not affect the substantial rights of the litigants.

In 39 Am. Jur., Parties, Section 83, it is stated as the general rule that an amendment changing the capacity in which a person sues is proper where it does not change the cause of action and the defendant is already before the Court upon process issued. In Foxwell v. Justice, 191 Ky. 749, 231 S. W. 509, we held that the exercise of discretion by the lower Court in admitting amendments would not be disturbed on appeal unless there had been a manifest abuse of discretion.

In the former proceeding, it does not seem to us the Chancellor abused his discretion by permitting the amendment as a proper part of the action then in fact pending. While it is true the plaintiff had no capacity to sue at the time the suit was originally brought, the Court had jurisdiction of the subject matter and the defendant. The amendment did no more than correct a defect in parties. The important consideration is the fact that this pleading and subsequent proceedings did not adversely affect any of the incompetent's rights. To have him again served with a second summons would have been a useless act because he and his guardian ad litem were already before the Court.

We therefore conclude the former judgment was valid and proper, and the judgment appealed from is attacked on no other ground.

The judgment is affirmed.