CASE 56.—ACTION BY SALLIE K. BENNETT'S ADMINISTRA-
TOR AGAINST H. J. BENNETT.—June 19, 1909.

## Bennett v. Bennett's Admr.

Appeal from Madison Circuit Court.

J. M. Benton, Circuit Judge..

Judgment for plaintiff, defendant appeals.—Affirmed.

1. Executors and Administrators—Action by Administrator—
Pleadings—Issues.—The allegation in an answer in an action
against a surviving husband by the administrator of his wife
to recover on a note executed by the husband to the wife,
that at the death of the wife the husband became entitled,
as the surviving husband to her personal estate does not
amount to a denial of the petition alleging the heirship of the
deceased wife.

2. Executors and Administrators—Action by Administrator—
Pleadings—Issues.—The answer, in an action against a sur-
viving husband by the administrator of his wife to recover on
a note executed by the husband to the wife, alleging that
neither the deceased wife, nor her estate, was indebted to any
person at the date of plaintiff's qualification as administrator,
did not specifically deny the averment of the petition that the
administrator and his wife were creditors of the estate.

3. Executors and Administrators—Recovery of Assets of Estate
—Actions.—An action for the recovery of personal property
of a decedent, or for the recovery of money due his estate,
must be brought by the personal representative, except
where the personal representative refuses to sue, the action
may be brought by a creditor or heir at law, making the
personal representative a party defendant.

4. Executors and Administrators—Recovery of Assets of Estate
Actions.—Where no personal representative of a decedent has
been appointed, application must be made to the county
court by a creditor or heir at law, desiring to sue for per-
sonal property of the decedent or for money due the estate,
for the appointment of an administrator, and after the ap-
pointment the action may be maintained.

Bennett v. Bennett's Admr.

5. Executors and Administrators—Appointment of Administrators—Statutes.—Under Ky. St. Secs. 3896, 3897, providing that the court shall grant administration to the relatives of decedent applying therefor, preferring the surviving husband or wife, and then such others as are next entitled to distribution, etc., and where no such person applies for administration at the second county court from the death of decedent, the court may grant administration to a creditor, or any other person, in its discretion; the county court, on the failure of the surviving husband or others next entitled to distribution to apply for appointment of an administrator, may appoint a stranger, who need not be a creditor of the estate, though the fact that he sustains that relation adds to his right to receive the appointment over one not a creditor.

6. Husband and Wife—Separate Property of Wife.—A husband, who executed a note to his wife for money received by her as heir of her mother, thereby made the note the wife's separate property, and deprived himself of any right to, or interest in, either the money or the note, and the fact that the note did not in terms recite that it was for the wife's separate use was immaterial.

7. Descent and Distribution—Right of Surviving Husband—Statutes.—A husband in 1889 gave a note to his wife for money received by her as heir of her mother. He renewed the note in 1899. The wife died childless and intestate in 1906. Held, that under Ky. St. Sec. 2132, enacted in 1894, defining the right of the surviving husband to the property of the deceased wife, the husband could only acquire a half of the surplus personalty of the estate of the deceased wife, for the note was the separate property of the wife, in which he never acquired any vested right prior to her death subsequent to the enactment of the statute.

8. Executors and Administrators—Collection of Assets—Set-Off.—Where, in an action against a surviving husband by the administrator of the wife to recover on a note executed by the husband to the wife, the court could not ascertain the amount of the surplus personal estate left by the wife, it could not allow the husband a credit in the judgment in favor of the administrator of one-half of the amount of the note, nor allow a set-off for the value of personal property belonging to the estate, and wrongfully converted by the brothers and sisters of the deceased wife.

A. R. BURNAM, Sr., for appellant.

Bennett v. Bennett's Admr.

POINTS AND AUTHORITIES.

1.   Appellant claims that in the absence of creditors, H. J. Bennett, a surviving husband, having come into possession of $1,000.-00, the property of his deceased wife in her life time, being the price of a tract of land, belonging to her, which he sold with her knowledge, approval and consent in 1899, this being prior to the act of March 15, 1894, that he was entitled to the whole of said fund as against her heirs at law, she having died in June, 1906, leaving no surviving children.   See Rose v. Rose, 104 Ky. 48; Mitchell v. Violett, 104 Ky. 77 and Williams v. Coffmon, 31 Ky. L. R. 151.

2.   That whilst an administrator, as a rule, takes title to the personal property of his decedent, such title is the title of trustee for creditors and those beneficially entitled thereto and when rightfully in the hands of distributees or heirs the courts will not dispossess such persons, unless the administrator can show that he needs the assets to pay debts or otherwise administer the estate.   Woodhouse v. Phelps, 51 Conn. 522; Lewis v. Lyons, 13 Ill. 17; Raugh v. Weiss, 138 Ind. 42; O'Neal v. Oaks, 8 L. A. 78; Newton v. Stanley, 28 N. Y. 61; Williams v. Moore, 29 South Carolina, 332; Lewis v. Orerby, 31 Gratt 601; Century Digest title Exs. & Adams, 364.

J. A. SULLIVAN and S. M. WALLACE for appellee.

CITATION OF AUTHORITIES.

1.   It was proper and necessary to grant the administration for the estate of Sallie K. Bennett.   Williams v. Coffman, (Ky.) 101 S. W. 919; Nelson v. Nelson, 96 S. W. 794-29 K. L. R. 885; Sec. 3897 Kentucky Statutes.

2.   The judgment below is right:   The appellant, Bennett, is not entitled to all of this fund. 25 Am. & Eng. Ency. Law 348; Rose v. Rose, 104 Ky. 52; Mitchell v. Violet, 104 Ky. 82; Wells Separate Property Married Woman, Sec. 702; 25 Am. & Eng. Ency. Law page 340; 25 Am. & Eng. Ency. Law page 446-448.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal presents for review a judgment of the Madison Circuit Court, whereby appellee, J. J. Embry, as administrator of the estate of Sallie K. Bennett, deceased, recovered of the appellant, H. J. Bennett, upon a note, $1,838.44, with interest from March

1, 1899, which the latter executed as of that date to
the decedent, in renewal of a note for $1,000, that
bore date November 5, 1889, and which, with its accu-
mulated interest, down to the date of the renewal,
amounted to $1,838.44. The decedent, Sallie K. Ben-
net, was the wife of the appellant, and lived with him
as such from the time of their marriage in 1866 un-
til her death, June 18, 1906. She died childless and
intestate. The $1,000 for which the original note was
executed by appellant seems to have been received
by the wife from the sale of her interest in a tract
of land inherited from her mother. Appellant's an-
swer to the petition of the administrator denied the
right of the latter to a judgment against him for the
amount of the note in question, or any part thereof,
upon three grounds:

(1) That the decedent nor her estate was indebted
to any person in any sum at the time of appellee's ap-
pointment and qualification as administrator, and
that there was no occasion for his appointment or
qualification; (2) that the $1,000 for which appel-
lant executed to the decedent the original note, with
her knowledge and consent, went into his hands im-
mediately following its receipt by her, was never out
of his possession before her death, and at her death
the same, with its accumulated interest and all other
personal property of the decedent, became, by virtue
of the statute in force at the time of his marriage to
the decedent, his property; (3) that at the death of
the decedent her brothers and sisters, without right,
took possession of, and divided among themselves,
a large amount of her personal property, consisting
of furniture, silverware, and other articles, which,
under the law, belonged to him as the surviving hus-
band, and were of the value of $1,000, and that he was

entitled to, and should be allowed to, set off this amount against any judgment appellee, as administrator, might recover of him. The circuit court sustained a demurrer to the answer; and, appellant having failed to plead further, judgment went against him as indicated.

As to the first ground of defense, it may be said it is patent from the statements of both the petition and answer that the decedent died the owner of considerable personal estate, in addition to the note in controversy, and also patent from the averments of the petition that appellee, the administrator, and his wife are creditors of the estate, and the latter a sister and heir at law of the decedent. The heirship is not controverted by the answer, unless it can be said that the mere allegation of the answer that appellant, at the death of decedent, became entitled as the surviving husband to her personal estate amounts to a denial of that fact, which we do not think can be so construed. Nor do we think the further general averment of the answer that "Sallie K. Bennett, nor her estate, were indebted to any person for any sum whatever at the date of the plaintiff's qualification as administrator" is tantamount to a specific denial of the statement in the petition that appellee and his wife are creditors of the estate. We are of opinion that the pleadings make a sufficient showing of the facts (1) that there were debts against the decedent's estate; (2) that she left a considerable personal estate to be administered. An action for the recovery of personal property left by a decedent, or for the recovery of money due the decedent's estate, must be brought by the personal representative. If, however, the personal representative refuse to bring the action, it may be brought by a creditor, or heir

at law of the decedent, against the person wrongfully in possession of the property or owing money to the estate, but in such case the personal representative must be made a party defendant to the action, and his refusal to institute it alleged. Where there is no personal representative application must be made to the county court by the creditor or heir at law to have one appointed, and the appointment be made, before such action can be maintained. Williams v. Coffman (Ky.) 101 S. W. 919, 31 R. 151; Nelson v. Nelson, 96 S. W. 794, 29 Ky. Law Rep. 885. The rule in question is thus stated in McLemore, &c. v. Sebree Coal & Mining Co., 121 Ky. 53, 88 S. W. 1062, 28 Ky. Law Rep. 25, 123 Am. St. Rep. 201:

"The personal property of an intestate does not pass to or vest in the heir at law, but in the personal representative appointed as provided by law. If suit be necessary for the recovery of a demand due the estate of an intestate, it must be brought by the personal representative, but if he fail to sue the debtor, and refuse on demand of the heir at law to do so, the latter may bring the action by making the administrator a defendant. The same is true as to guardian and ward, trustee and cestui que trust. This doctrine is supported by numerous authorities." Brunk v. Means, 11 B. Mon. 216; McChord v. Fisher's Heirs, 13 B. Mon. 194; Roberts' Adm'r v. Eales, 10 Ky. Law Rep. 360; Loyd v. Loyd, 46 S. W. 485, 20 Ky. Law Rep. 347.

A further question is, had the county court the legal right to appoint appellee administrator of the decedent's estate, and to permit him to qualify as such? The death of the decedent occurred, as previously stated, June 18, 1906. Appellee's appointment

vol. 134—29

as administrator was not made until December 28, 1907. During this interim of 18 months no application appears to have been made by appellant, or any relation of the decedent, to be appointed administrator of her estate. Section 3896, Ky. St. provides:

"The court having jurisdiction shall grant administration to the relations of deceased who apply for same, preferring the surviving husband or wife, and then such others as are next entitled to distribution, or one or more of them who the court shall judge will best manage the estate." Section 3897 (section 3920) provides:

"If no such person (as indicated in section 3896) apply for administration at the second county court from the death of an intestate the court may grant administration to a creditor, or to any other person, in the discretion of the court. * * *'' As neither the surviving husband nor other person having a better right than appellee had applied for appointment as administrator of the decedent's estate, his appointment was properly made by the county court. Indeed the court might legally have appointed him administrator at any time following the second county court after the death of the decedent. It was not even necessary that he should have been a creditor of the estate to entitle him to the appointment, though the fact that he sustained that relation added to his right to receive it, after the failure of the surviving husband and relations of the decedent to qualify, over one not a creditor of the estate.

The law gives no support to appellant's claim that, upon the death of his wife, he became entitled to the note sued on or the whole of its proceeds. It is true the note is a renewal of another executed by him to

his wife November 5, 1889, at which time, as well as at the date of his marriage, the statute then in force gave to the surviving husband, upon the death of the wife, the whole of her surplus personal estate, but whatever right appellant has to the note in question, or any part of its proceeds, is governed by the provisions of section 2132, Ky. St., which is a part of what is commonly known as the "Weisinger Law," enacted March 15, 1894 (Acts 1894, p. 176, c. 76.)

Appellant relies upon the several opinions of this court in which it was held that, where land was acquired by the wife prior to the passage of the act of 1894, in which the husband took an estate for life as tenant by the curtesy, the act of 1894 could not be made to operate retrospectively, so as to divest the husband of his vested rights in his wife's real estate. Rose v. Rose, 104 Ky. 52, 46 S. W. 524, 20 Ky. Law Rep. 417, 41 L. R. A. 353, 84 Am. St. Rep. 430; Mitchell v. Violett, 104 Ky. 77, 47 S. W. 195, 20 Ky. Law Rep. 378.

That rule can not, however, apply to this case, as the note in question was the separate estate or property of appellant's wife, in which he never acquired any vested right or interest prior to her death, or before the enactment of the statute of March 15, 1894. Consequently whatever interest he took therein upon the death of the wife was controlled by that act which gave him only one-half of the wife's surplus personal estate. It is true that, when the $1,000 for which appellant executed the original note was received by her as an heir at law of her mother, it became in law her general estate, and if appellant had then, as he might have done by virtue of his marital rights, appropriated it by reducing it to his posses-

sion, without executing his note to the wife for it or intending to repay it, the act would have constituted a conversion of the money to his own use, and made it his. But by executing to his wife the note for it he made the note her separate property, and thereby deprived himself of any right to, or interest in, either the money or note, and at the same time conferred upon her the power to dispose of the note in any manner she might deem proper. That the note did not in terms recite that it was for the wife's separate use was not material. The fact that it was executed to her by the husband for money of hers which she had permitted him to use, upon his undertaking, expressed in the note, to repay it, made the instrument her separate property, exclusive of the husband. For, as said by this court in Maraman's Adm'r v. Maraman, 4 Metc. 84:

"Though a stranger's conveyance of property, or covenant to pay money to a married woman, or to a trustee for her, in order to give her a separate use, must contain words indicating such intention, it seems to be well settled that such words are unnecessary in a husband's conveyance or covenant." Gaines' Adm'r v. Poor, 3 Metc. 503, 79 Am. Dec. 559; Ward v. Crotty, 4 Metc. 59.

As appellant did not, prior to the passage of the act of March 15, 1894, acquire a vested interest in the note of $1,000, and could not have done so in the renewal, he was liable for the whole thereof at the time of its renewal, March 1, 1899, then amounting to $1,-838.44, and such liability continued on the renewal until it was merged in the judgment. And while under the act of March 15, 1894, he is entitled to one-half of the surplus personal estate left by his wife, including the note in controversy, the amount of such

surplus, or his half thereof, can not be ascertained until whatever debts that are chargeable to the wife's estate shall have been paid. This being true, it would not have been proper for the circuit court to have allowed appellant credit in the judgment rendered against him in this case in favor of the administrator of his deceased wife's estate, by half the amount of the note sued on, and equally improper to have allowed his set-off for the value of the personal property belonging to the estate alleged to have been wrongfully converted by the brothers and sisters of the decedent.

This was not an action to settle the decedent's estate. Consequently the administrator was not required to make a showing of the assets or indebtedness of the estate. So we are not called upon to say whether, if this were an action in equity to settle the estate, appellant should be allowed to retain half or any part of the note sued on as his share of his wife's estate, or credited with same, as against the administrator, on whatever judgment the latter might be entitled to recover. It is the policy and intent of the statutes of this state that the property of decedents left undisposed of at death shall, for the purpose of collecting the same, ascertaining and protecting the rights of creditors and heirs, and properly transmitting the title of record, be subjected to the process of administration. This action contains no earmarks that would seem to indicate any departure from the policy referred to; its apparent purpose being to collect the assets of the decedent's estate that its debts may be paid, and the surplus distributed to appellant and the heirs at law of the decedent, as by statute required.

Finding no .error in the judgment appealed from, it is affirmed.