### Hart, et al. v. Hardin, et al.

(Modified January 21, 1927.)

Appeal from Meade Circuit Court.

1. Appeal and Error.—Court of Appeals has no jurisdiction over appeal from order, in suit to settle estate, allowing fee of $125.00 to guardian for services.

2. Appeal and Error.—Judgments cannot be added to give Court of Appeals jurisdiction.

3 Costs—Allowance of $500.00 Fee to Attorneys for Guardian Defending Will Contest and Suing to Settle Estate Held Not Abuse of Discretion.—Allowance by chancellor of fee of $500.00 to attorneys for legatee's guardian defending will contest and bringing suit to settle estate of $10,000.00 held not to show an abuse of discretion.

4. Wills—Fee of Attorneys for Legatee's Guardian Cannot be Paid Out of Legatee's Conditional Estate Without Protecting Persons who Might Acquire Estate from Being Charged with Fee (Ky. Stats., Section 489).—Under Ky. Stats., section 489, order allowing payment of fee for attorneys of legatee's guardian out of part of estate going to legatee on his arriving at age of 25 was error, where persons entitled to such part of estate in event of legatee's death before 25 were represented by other attorneys, but order should provide for payment of fee, with interest to attorneys on legatee attaining 25, or immediate payment on attorneys executing bond to repay sum in event of legatee's death.

W. S. HAMILTON for appellants.

JOHN D. HARDIN and CLAUDE MERCER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

In a suit to settle the estate of Thomas H. Hamilton, the chancellor allowed to Guy A. Hardin, as guardian of Thomas A. Hart, a fee of $125.00 for his services, and allowed to John D. Hardin and Claude Mercer, a fee of $500.00 as counsel for Guy A. Hardin, guardian. The parents of Thomas A. Hart and the administrator of the estate of Thomas H. Hamilton have appealed from that order. The allowance of $125.00 made to Guy A. Hardin is not large enough to give this court jurisdiction, and this appeal, as to that, is dismissed. Judgments cannot be added to give this court jurisdiction. See Smith v. Berry, 167 Ky. 646, 181 S. W. 379. The approximate value of the estate of Thomas H. Hamilton was $10,-000.00. Of this, he devised $1,000.00 to J. L. Hart, $1,000.00 to W. S. Hamilton, $100.00 to the Old Masons' Home near Shelbyville, and $100.00 to the Baptist Orphans' Home. The residue of his estate, after paying these sums and the expenses of settlement, supposed to be about $6,000.00, was bequeathed to his grandson, Thomas A. Hart, to be paid to him when he arrived at the

age of twenty-five years, and the will provided that if, by reason of death, he did not attain that age, this residue should go J. L. Hart and W. S. Hamilton. Shortly after the death of his grandfather, Thomas A. Hart, who was then about sixteen years old, filed with the judge of the Meade county court, a written request to appoint Guy A. Hardin as his guardian, which was done. His father and mother at that time were in the Republic of Chile, and the young man seems to have had the idea that such a selection was necessary in order to protect his interests, but whether this selection was wise or otherwise, he made it, and Guy A. Hardin employed John D. Hardin and Claude Mercer as attorneys to represent him as such guardian. A will contest was instituted by the daughters of Thomas H. Hamilton, in which they were unsuccessful, and the will was sustained. This young man had the services of the guardian and his attorneys in that will contest, and after it was concluded, these attorneys for Guy A. Hardin, as guardian of young Hart, brought a suit to settle the estate. The chancellor had before him the entire record in this settlement suit and of this will contest. He was in a much better position than we are to know and judge of the extent and value of the services of these attorneys, and there is nothing in the record before us to show that he abused the discretion vested in him in allowing the fee that he did. After allowing this fee of $500.00 the trial court made this further order:

> "It is further adjudged that same be paid out of that part of the estate which would go to said Thos. A. Hart if he lives to the age of 25 years, the services being considered beneficial to him and to those who will take under said provision in the event of his death."

The parties referred to by the expression, "Those who will take under said provision in the event of his death," are J. L. Hart and W. S. Hamilton, who in this litigation had other counsel representing them, and for that reason, section 489 of the Kentucky Statutes was not sufficient to authorize the court to charge any part of this fee to them, even though in the judgment of the court the services rendered were beneficial to them. In the case of Baldwin's Exrs. v. Barber's Exrs., 148 Ky. 370, 146 S. W. 1124, this court had before it a similar question.

A similar allowance had been made, and this is what we said:

"While it may be true that John R. Barber will receive more with the will broken as to the residuary estate, than he would have received had it been sustained, yet his children would have received far more had the will been sustained in all its parts. John R. Barber was one of the contestees, and throughout the contest sided with the propounders. He preferred that the will as a whole be sustained. He was at all times opposed to the contest, even though it might be of greater benefit to him if the will was not sustained. Section 489, Kentucky Statutes, has no application to such a case. One cannot involve others in such litigation against their known wishes and then charge them with counsel fees on the ground that the attorneys have served them in spite of themselves."

This case cannot be distinguished from that. Barber was represented by counsel of his own selection in that case, just as Hart and Hamilton were represented by counsel of their own selection in this case. It follows, therefore, that the court should not have made the order that it did, for if Thomas A. Hart should die before arriving at 25 years of age the result would be that this fee would be paid out of a fund which would then go to J. L. Hart and W. S. Hamilton, and as the interest of Thomas A. Hart in the residue of this estate may be defeated by his death before he becomes 25 years old the court should have provided that this $500.00, with interest from the date of the judgment, should be held by the administrator as the trustee of this fund until Thomas A. Hart becomes 25 years of age, and then paid to these attorneys, or else that it should be paid to these attorneys now, provided they execute bond with surety to be approved by the court, obligating themselves to repay this sum to the administrator or trustee in event of the death of Thomas A. Hart previous to August 18, 1930. For these reasons, and to this extent only, this judgment is reversed, but in all other particulars it is affirmed.