## Burchett v. Burchett.

(Decided October 23, 1928.)

### Appeal from Carter Circuit Court.

1. Executors and Administrators.—Title to personal property of a decedent vests in his personal representative for purposes of administration, and devisees or heirs acquire no title to it until there has been a settlement of the estate.
2. Executors and Administrators.—A devisee of personal property must look to the executor or administrator for the payment of his bounty and not directly to those indebted to the deceased.
3. Wills.—Where there is no personal representative of a deceased person, a devisee of personal property seeking payment of his devise must make application to have county court appoint one before bringing action for conversion, in view of Civil Code of Practice, section 92.
4. Appeal and Error.—Where devisee of personal property of deceased person brought action for conversion of his devise by another, court on appeal of defendant could consider error of plaintiff in not first making application for county court to appoint personal representative of his decedent; his devisor not having appointed one, though such point was not incorporated as a ground for new trial in defendant's motion filed therefor, where defendant properly excepted to error before making the motion.

THOMAS BURCHETT for appellant.

JOHN M. THEOBALD for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Reversing.

The appellant moves the court to grant an appeal, and asks a reversal of a judgment for $250 rendered

against him.  Several grounds are relied on, but we deem it necessary to consider only one of them.

The petition of appellee alleges, in substance, that John E. Burchett, Sr., died testate several years before, and by his will had devised to plaintiff $250, which belonged to testator's estate, but which had been wrongfully and without right converted by the defendant to his own use, and he had refused to pay same over to plaintiff.  It is further stated that no administrator or executor had ever been appointed.

The defendant filed both special and general demurrers to the petition, which were overruled.  The petition discloses that the plaintiff had no right to maintain the suit, and the special demurrer should have been sustained.  Section 92, Civil Code of Practice and numerous cases cited in the notes.  Neither was it sufficient on general demurrer.

Title to the personal property of a decedent vests in his personal representative for purposes of administration, and devisees or heirs acquire no title to it until there has been a settlement of the estate.  A devisee must look to the executor or administrator for the payment of his bounty and not directly to the debtors of the deceased. The right of action against those owing the estate is in the personal representative and not in the devisee or heir, and if suit is necessary, it must be brought by the personal representative.  It is only where he refuses to bring the action on demand of the devisee or heir that the latter can do so, and in that event the personal representative must be made the party to the suit.  Where there is no personal representative, as appears in this case, application must be made to have the county court appoint one before such action can be maintained.  Bennett v. Bennett's Adm'r, 134 Ky. 444, 120 S. W. 372.

Counsel for appellee insists that the court may not consider this point because it was not incorporated as a ground for a new trial in the motion filed therefor.  As stated in Broadway & Newport Bridge Co. v. Commonwealth, 173 Ky. 165 at page 176, 190 S. W. 715, 720:

"The purpose of a motion and grounds for a new trial is to direct the attention of the court to alleged errors that occurred during the trial and to which an objection was made or an exception saved at the time, and also to bring to the attention of the court such other errors relied on which it might be proper to bring to its attention without a previous

objection or exception, so that the trial court may have an opportunity to review the entire record and trial in the light of the alleged errors to which its attention is called by the grounds for a new trial, and, after considering them, either grant or refuse the new trial, as may seem right.''

The trial court had already had its attention directed to this error, and an exception had been taken to the ruling thereon. The pleadings are before the appellate court for review, without any reference being made to them in the motion for a new trial or bill of exceptions.

There is no index either to the clerk's record or stenographer's transcript in this case. Attention of the officers is directed to rule III of the court, a violation of which has on occasion resulted in a reduction of fees allowed for preparation of the records.

The appeal is granted, and the judgment is reversed, with directions to sustain the demurrers to the petition.