## Fowler v. Rothrock's Executors.
(Decided Dec. 11, 1935.)

BEVERLY B. WADDILL and CLIFTON J. WADDILL, Jr., for appellant.

FOX & GORDON for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

On June 23, 1921, C. V. Fowler and G. B. Fowler executed their joint promissory note to H. F. G. Rothrock, whereby they promised and agreed to pay Rothrock, six months after date, the sum of $600, with inter-

est from maturity until paid. Before the note was paid, H. F. G. Rothrock died leaving a will devising to his wife, Letitia Rothrock, all of his property, real and personal. In July, 1930, Letitia Rothrock died leaving a will in which she nominated and appointed O. A. Ashby and W. C. Jones executors of her will, and they duly qualified as such.

Thereafter, Ashby and Jones, as executors of the will of Letitia Rothrock, filed this suit in the Hopkins circuit court seeking to recover of C. V. and G. B. Fowler on the note. The pertinent part of the petition with respect to their right of recovery on the note as such executors, is, in substance, that H. F. G. Rothrock, husband of plaintiffs' intestate, Letitia Rothrock, died testate a resident and citizen of Hopkins county, Ky., on the ——— day of November, 19—, prior to the death of his wife, Letitia Rothrock, and by and under the provisions of his last will and testament, which was duly probated by the Hopkins county court, he willed and devised to his wife, Letitia Rothrock, all his estate, both personal and real, absolutely, including the note of the defendants, and she thereupon became the owner and holder of same and entitled to receive the proceeds thereof.

The defendants filed a general demurrer to the petition, which was overruled, and thereafter the suit was dismissed against G. B. Fowler, but proceeded with as against C. V. Fowler. C. V. Fowler filed his answer to which a demurrer was sustained, and, failing to plead further, the court entered judgment against him for the amount of the note with interest, and to reverse that judgment he prosecutes this appeal.

As grounds of reversal appellant insists that the plaintiffs did not have the legal right to maintain this action as executors of the will of Letitia Rothrock, and that the right of action was in the personal representative of H. F. G. Rothrock, and the general demurrer to the petition should have been sustained. On the contrary, appellee insists (a) that their decedent, Mrs. Rothrock, was vested with the title to the notes and, therefore, they have the right to maintain the action; and (b) if in this they are mistaken, a special demurrer was the proper procedure instead of a general demurrer. We cannot accept either theory.

In Burchett v. Burchett, 226 Ky. 5, 10 S. W. (2d)

460, the petition alleged, in substance, that John E. Burchett, Sr., died testate several years before, and by his last will had devised to the plaintiff $250 which belonged to testator's estate, but which had been wrongfully and without right converted by the defendant to his own use, and he had refused to pay same over to plaintiff. The defendant filed both special and general demurrers to the petition, both of which were overruled. On appeal to this court the judgment was reversed, the court saying:

"The petition discloses that the plaintiff had no right to maintain the suit, and the special demurrer should have been sustained. * * * Neither was it sufficient on general demurrer."

Also, in the case of Louisville & N. R. Co. v. Brantley's Adm'r, 96 Ky. 297, 28 S. W. 477, 16 Ky. Law Rep. 691, 49 Am. St. Rep. 291, it was held that special demurrer was not necessary when plaintiff has no right at all to maintain the action, the court saying:

"It is in cases where the petition on its face discloses an interest in the subject-matter of the action, and also discloses a want of capacity to sue, that the question of a want of legal capacity arises. But where the petition shows that the party plaintiff is not interested in any way in the litigation, or, in other words, can maintain no such action, the objection can be made by a general demurrer."

In the present case, plaintiffs show conclusively by the facts alleged in their petition that they are attempting to recover property to which they have no title, and, therefore, have no right to maintain the action; and, the facts being insufficient to show a cause of action in plaintiffs, the objections may be reached by general demurrer.

In Burchett v. Burchett, supra, it is said:

"Title to the personal property of a decedent vests in his personal representative for purposes of administration, and devisees or heirs acquire no title to it until there has been a settlement of the estate. A devisee must look to the executor or administrator for the payment of his bounty and not directly to the debtors of the deceased. The right of action against those owing the estate is in the personal representative and not in the devisee or

heir, and, if suit is necessary, it must be brought by the personal representative. It is only where he refuses to bring the action on demand of the devisee or heir that the latter can do so, and in that event the personal representative must be made the party to the suit. Where there is no personal representative, as appears in this case, application must be made to have the county court appoint one before such action can be maintained. Bennett v. Bennett's Adm'r, 134 Ky. 444, 120 S. W. 372.''

In brief of appellee it is stated that the estate of H. F. G. Rothrock had been settled previous to the death of Letitia Rothrock; but we find no such allegation in the petition. If the petition had shown on its face by proper allegations that the estate of H. F. G. Rothrock had been settled and that the notes here in question delivered to Letitia Rothrock as devisee under the will of her deceased husband, a different question might have been presented. But in the absence of such showing, the petition does not show any right in plaintiffs to maintain the action. Not only so, but, to the contrary, it shows that they have no such right.

It is our conclusion, therefore, that the demurrer to the petition should have been sustained.

The judgment is reversed, with directions to sustain the demurrer to the petition.