## Moore's Adm'x et al. v. Brookins.

(Decided March 27, 1936.)

M. E. GILBERT for appellants.

M. C. ANDERSON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

C. S. Brookins, claiming to be a creditor of the estate of Henry Moore, filed this action in the Ballard circuit court to settle his estate. In addition to the necessary and usual allegations required by section 428, Civil Code of Practice, to settle the estate of a deceased person, Brookins alleged in his petition that A. J. Moore died testate, a resident of Ballard county, Ky., leaving a will which was duly probated by the county court of that county; and, "by and under the terms of the will, he became the owner" of a note executed and delivered on May 5, 1920, by Neal Moore and Henry Moore to A. J. Moore, by which they agreed to pay him six months after date $500, with interest at 6 per cent. per annum; "and that he is now the owner of the note, together with all right thereunto belonging. That the note is now past due and wholly unpaid, except the interest has been paid on the note to May 5th, 1930. That there is now due on the note the sum of $500.00 with interest from May 5th, 1930 at 6%."

A general demurrer was filed to the petition and overruled. An exception was retained to this ruling.

The identical question thus presented was determined, adversely to Brookins, in Burchett v. Burchett, 226 Ky. 5, 10 S. W. (2d) 460, and Fowler v. Rothrock's Ex'r, 261 Ky. 664, 88 S. W. (2d) 667.

In Burchett v. Burchett we said:

"Title to the personal property of a decedent vests in his personal representatives for purposes of administration, and devisees or heirs acquire no title to it until there has been a settlement of the estate. A devisee must look to the executor or administrator for the payment of his bounty and not directly to the debtors of the deceased. The right of action against those owing the estate is in the personal representative and not in the devisee or heir, and, if suit is necessary, it must be brought by the personal representative. It is only where he refuses to bring the action that the latter can do so, and in that event the personal representative must be made the party to the suit. * * * Bennett v. Bennett's Adm'r, 134 Ky. 444, 120 S. W. 372."

The facts stated in the petition with reference to his ownership of the note show that Brookins had no right to maintain the action; it was therefore demurrable. Not being a creditor of Henry Moore on the facts alleged in his petition, he was without right under section 428 to institute and prosecute this action to settle his estate.

Other questions are presented and discussed in brief, but it is unnecessary to consider them in this opinion.

Wherefore the judgment is reversed for proceedings consistent herewith.