## Moore's Adm'x et al. v. Brookins.

March 24, 1939.

L. L. Hindman, Judge.

M. E. GILBERT for appellants.

M. C. ANDERSON for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This is an appeal from a judgment directing that lands belonging to the estate of Henry Moore, deceased, be sold to satisfy a judgment in favor of the appellee, C. S. Brookins, against Susie Moore, widow of Henry Moore, and administratrix of his estate, Gaither Moore, Neal Moore and Hahs Moore, in the sum of $500 with interest from May 5, 1930, at 6%. It was further adjudged that the lands be sold subject to the widow's homestead of the value of $1,000 which had been set aside under an order of the court.

Brookins filed this suit against the appellants in 1932. He alleged that A. J. Moore died testate, leaving a will which was duly probated under the terms of which he became the owner of a note executed and delivered on May 5, 1920, by Neal Moore and Henry Moore to A. J. Moore, and by which they agreed to pay him six months after date $500 with interest at the rate of 8%. He further alleged that he was then the owner of the note, together with all the right thereunto belonging, and that the note was past due and wholly unpaid, except that the interest had been paid to May 5, 1930, and that there was then due on the note the sum of $500 with interest from May 5, 1930, at 6%. A judgment in favor of Brookins was reversed by this Court in the case of Moore's Adm'x v. Brookins, 263 Ky. 519, 92 S. W. (2d) 813, because the facts stated in the petition with reference to Brookins' ownership of the note did not show that he had a right to maintain the action. After the mandate was filed in the lower court the erroneous judgment was set aside upon motion of the Moores.

Brookins was permitted to amend his petition over the objections of appellants. They did not demur to the amended petition, however, nor did they file any responsive pleading thereto. In the amended petition Brookins set forth fully the facts under which he became the owner of the note. After stating that he had fully administered the estate of A. J. Moore and made his settlement as executor thereof, which had been confirmed, he stated that:

"In order for him to make settlement of the estate of A. J. Moore, it was necessary for him to either collect the note which was executed by Neal

Moore and Henry Moore, or to accept said note individually as a portion of the estate willed and devised to him by the said A. J. Moore under said will; that the said Henry Moore and his administratrix, the defendant, Susie Moore, and Neal Moore requested this plaintiff to not enforce collection of the note, due by Neal Moore and Henry Moore, but to accept said note individually at the hands of himself as executor and at the request of said parties he did accept said note, and the said Henry Moore during his lifetime, and Susie Moore as administratrix of the estate of Henry Moore, thereafter paid the interest on said note to this plaintiff thereby ratifying and confirming the title of said note to this plaintiff. That said note is now past due and wholly unpaid, save and except the interest has been paid on said note to May 5th, 1930. That there is now due on said note the sum of $500, with interest from May 5, 1930, at 6%."

On April 26, 1937, the trial court sustained Brookins' motion to submit the case, and a judgment was entered in his favor in the sum of $500, with 6% interest from May 5, 1930. This judgment also directed that commissioners be appointed to allot Susie Moore a homestead interest in the lands in question. On August 23, 1937, appellants moved the trial court to set aside the judgment entered in favor of Brookins. On August 30, 1937, the case was submitted for supplemental judgment, which judgment was entered directing that the lands be sold to satisfy appellee's judgment. Appellants prayed and were granted an appeal to this court. That appeal appears not to have been perfected, but an appeal was duly granted by the Clerk.

In urging reversal appellants contend that the judgment of the trial court is erroneous because:

"First; That the plaintiff is barred by the seven year statute as to surety.

"Second; That the judgment failed to sustain the claim of usury with 6% interest on same.

"Third; That upon the answer and cross-petition of Hahs Moore and wife, no judgment was rendered which claim was not denied.

"Fourth; That the interest of Neal Moore in the property should have first been sold to satisfy

his own debt and not the interest of his brothers until and unless the interest of Neal Moore should fail to satisfy the debt, interest and cost."

We conclude from our examination of the record that the only error committed by the trial court was in failing to sustain the claim of usury. Sections 2218 and 2219, Kentucky Statutes. It appears that interest was paid on the note at the rate of 8% from the time it was made in 1920 until May 5, 1930. The question of usury raised by Neal Moore in his answer stands uncontroverted in the record. The trial court properly permitted appellee to file his amended petition, which set forth his right to maintain the action. We have noted that no responsive pleading was filed to the amended petition in which it was alleged that Henry Moore paid interest on the note during his lifetime, and that Susie Moore, as administratrix of the estate of Henry Moore, paid interest on it after his death up until May 5, 1930. Therefore, appellants can not rely on the statute of limitations as to sureties. Section 2551, Kentucky Statutes.

As to the question of Hahs Moore's cross petition, counsel for appellants states in his brief that Hahs Moore and his mother, Susie Moore, reached an amicable agreement of their differences, and that the mother and the three sons had agreed that they had a common interest in the litigation. There is no basis for the contention that it was necessary to proceed against Neal Moore, with the view of exhausting his interest in the estate before proceeding against the estate of Henry Moore.

Judgment reversed with directions to enter judgment in favor of appellee, after allowing the proper credits for the usurious interest paid on the $500 note between May 5, 1920, and May 5, 1930.