## Moore et al. v. Brookins et al.

Oct. 9, 1942.

Roy G. Garrison and C. A. Wickliffe for appellants.

M. C. Anderson for himself and Brookins and Ballard.

M. E. Gilbert for himself.

OPINION OF THE COURT BY JUDGE FULTON—Dismissing in part and affirming in part.

This is the third appearance of this case before us on appeal. The opinion on the first appeal may be found in 263 Ky. 519, 92 S. W. (2d) 813, and the second opinion is reported in 277 Ky. 668, 126 S. W. (2d) 1059. However, this appeal involves matters arising subsequent to the filing of the mandate on the second appeal. Subsequent to the filing of that mandate an agreed judgment was entered, fixing the amount due Brookins on his note and directing a sale of the decedent's land for

the payment of his and other claims. Mrs. Susie Moore, widow of the decedent, had died during the pendency of the litigation and by agreement of the decedent's heirs at law the forty-acre tract allowed to the widow as a homestead had been allotted to the appellant, Hahs Moore, one of the three heirs at law, and the 105-acre tract was allotted jointly to the appellants, G. H. Moore and Neal Moore, the other two heirs at law.

The agreed judgment provided for the sale of the 105-acre tract for the payment of debt, interest and costs and further provided that the forty-acre tract should be sold only in the event the 105-acre tract failed to sell for a sum sufficient to pay the indebtedness. The amount of Brookins' debt and interest was $594.63. A claim was filed for taxes amounting to $451.88 covering all of decedent's land, to which no exceptions were filed. At the time of the entry of the agreed judgment motions were made for the allowance of attorneys' fees by appellee, M. C. Anderson, who filed the suit for Brookins, and by M. E. Gilbert, who represented the widow and heirs at law by employment. At the same time a motion was made for a re-taxation of the costs.

Prior to the sale of the land under the judgment the chancellor allowed M. C. Anderson an attorney's fee of $150 and the same amount to M. E. Gilbert. The order allowing these fees does not show that proof was introduced with reference thereto nor does it show that either side offered to introduce proof thereon although appellants objected and excepted to the allowance of the fees. The motion for a re-taxation of the costs was not passed on before the sale, nor does the record show that appellants made any effort to secure a ruling thereon before the sale. The total amount of the two claims against the estate, together with the $300 allowed as attorneys' fees, was $1,346.51, the attorneys' fees having been taxed as costs by the commissioner in making the sale.

The 105-acre tract was sold by the commissioner for $1,100 and, this amount being less than the amount of the claims and costs as taxed by him, the forty-acre tract was also sold for $670.

Exceptions were filed by appellants to the report of sale on the following grounds: (1) That the sale was made for approximately $400 more than was due and

thereby appellants were prevented from bidding because they had made arrangements to bid for and purchase the property in the correct amount but not for the amount for which the property was sold. (2) Because one of the appraisers was the wife of a former sheriff who had a claim for costs in the action and was also a deputy in the office of the present sheriff who also had a claim for costs and that she was therefore not a disinterested housekeeper. (3) That the sale was made prematurely because the motion for re-taxation of costs had not been passed on before the sale. These exceptions will be considered in inverse order. It may here be noted that the appeal is taken also against both M. C. Anderson and M. E. Gilbert from the orders allowing to each of them an attorney's fee of $150.

As far as the sale of the 105-acre tract is concerned, we are unable to see how appellants were prejudiced even though the sale was for more than the correct amount due. It was necessary to sell that in any event, and to the highest bidder, and the amount appellants had prepared to bid for same is immaterial. They were not justified in assuming that outsiders would not bid in order to permit them to bid the land in for the amount of the debt.

The principal complaint seems to be that in the circumstances the forty-acre tract was wrongfully sold since the 105-acre tract sold for $1,100 which was sufficient to satisfy all valid claims and costs. We find this ground of exception lacking in merit also for the reason that even though the two attorneys' fees be eliminated from the costs the amount of valid claims and costs legally chargeable against the estate was more than $1,100, the amount for which the 105-acre tract sold. The amount of the two claims was $1,046.51 and the costs properly chargeable to the estate were considerably in excess of $53.49, the difference between that sum and $1,100 for which the 105-acre tract sold. On a retaxation of costs made after the sale the chancellor charged the appellee, Brookins, with all costs accrued in the lower court as well as $28.90, cost of the transcript on the first appeal, and failed on this retaxation to charge Brookins with $48.50, cost of the transcript on the second appeal. However, this ruling was erroneous in that the costs in the lower court were properly taxable against the estate since Brookins was finally the successful

party. Thus, it would seem that any error in taxation of costs was against rather than in his favor. In any event the amount of costs properly taxable against the estate was more than sufficient to bring the total amount of claims and costs above $1,100 for which the first tract sold, so that a sale of the second tract was necessary in any event.

It is argued by appellants, however, that the tax claims should have been apportioned against both tracts and only that part allocable to the 105-acre tract considered in determining whether that tract sold for a sufficient amount to pay claims. We likewise fail to see merit in this contention. Since the tax claim was a lien on each and every part of the land, the purpose of the agreed judgment was obviously to avoid a sale of the forty-acre tract if possible. The usual procedure in cases of this character is to sell sufficient land to pay the claims against the estate and the costs, which was done here. Had the 105-acre tract not been sold for the entire amount of claims, as is contended by appellants was the proper procedure, the forty-acre tract would have had to be sold for the payment of the balance of the claims. It is thus seen that even though both attorneys' fees are eliminated the commissioner correctly sold both tracts.

The conclusions enunciated make it apparent also that the third ground of exception was correctly overruled. Since the amount of costs properly taxable against the estate was sufficient, when added to the amount of claims, to necessitate a sale of the forty-acre tract, it was immaterial that the retaxation of costs was not made before the sale.

We are of the opinion that the exception based on the ground that Mrs. Sullivan, one of the appraisers and wife of an ex-sheriff who had a claim for costs in the action, was not a disinterested housekeeper, is completely lacking in merit. A woman may be a housekeeper as well as her husband and is qualified to act as appraiser. The fact that her husband had a small claim for costs did not serve to render her interested. Her husband would have received his costs regardless of the amount at which the land was appraised or sold.

As to the appeals against M. C. Anderson and M. E. Gilbert from the separate orders allowing to each of

them an attorney's fee of $150, this court has no jurisdiction, since the amount in controversy is less than $200. Hart et al. v. Hardin et al., 217 Ky. 660, 290 S. W. 475; Section 950-1, Kentucky Statutes.

It may here be added that appellee Brookins cross-appeals as to the taxation of costs and, while it rather clearly appears that he was charged with more than he should actually have paid, we are unable to determine with any degree of definiteness from the record the exact amount of costs properly chargeable to him nor has this been pointed out with any certainty in the briefs. Since error was made both for and against Brookins on this taxation we have concluded not to disturb the taxation as made by the chancellor.

The appeal is dismissed as to appellees, Anderson and Gilbert. The judgment is affirmed as to the appellees, Brookins and Ballard, purchasers of the land and affiirmed on the cross appeal.